opinion of the court
John J. Fromer, J.
The defendant was convicted in the Town Court of the Town of Catskill (Crommie, J.), of a violation of subdivision 30 of section 375 of the Vehicle and Traffic Law of the State of New York (obstruction of the view through the windshield). The alleged obstruction was an “Escort Radar Detector”. The defendant appeals his conviction and, among other grounds, challenges the constitutionality of the statute because it is vague and indefinite.
The record shows the difficulties involved in this case and similar cases. The radar detector clearly obstructed only the driver’s view of an area of the auto’s hood, but the People assert that the law forbids any obstruction of the windshield. The record puts this in doubt, however, because the trooper himself testified he interpreted the law to be violated if the object was “of sufficient size to obstruct vision through the windshield”. Thus Kleenex boxes did not violate the law, dice from the mirror, cigarettes, sun glasses, gum, candy, pencils, toll receipts, etc., did not violate the law. He felt it must obstruct a clear view of “the road ahead”.
While the statute clearly specified that the window obstruction must prevent a full and clear view of the road and condition of the traffic behind the vehicle, no such standard exists for the more important view to the front. Because of the lack of a valid standard, the statute is *422 unconstitutional. (People v Byron, 17 NY2d 64; People v Firth, 3 NY2d 472; and People v Grogan, 260 NY 138.) Even the officer had to add meaning to the statute to enforce it.
The clear intent here was to arrest defendant because he had a radar detector. The officer didn’t use that charge, however, because of the uncertainty of the existence of any violation. Clearly such contortions shall not be supported by a court of law.
The defendant’s conviction is set aside and the charge dismissed because of the constitutional infirmity of subdivision 30 of section 375 of the Vehicle and Traffic Law.