■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEANNETT BROWN, Also Known as JEANETTE BROWN, Appellant.—Appeals by the defendant from two judgments of the Supreme Court, Queens County (Kellam, J.), both rendered October 3, 1984, convicting her of attempted robbery in the first degree under indictment No. 1368/81, and bail jumping in the first degree under indictment No. 3807/84, upon her pleas of guilty, and imposing sentences. The appeal from the judgment rendered on the attempted robbery charge brings up for review the denial (Pitaro, J.), after a hearing, of that branch of the defendant's omnibus motion which sought suppression of identification testimony.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered February 4, 1985, convicting him of rape in the first degree, sodomy in the first degree (two counts), and robbery in the first degree, upon a jury verdict, and imposing sentence.

Justice Lazer has been substituted for the late Justice Gibbons (see, 22 NYCRR 670.2 [c]).

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered. The facts have been considered and are determined to be established.

During the course of her summation, the prosecutrix exceeded the bounds of proper advocacy by implying that the defendant's stipulation that the victim had been raped and sodomized was a stipulation that the victim had told the

truth, and by improperly bolstering the victim's testimony. The prosecutrix further exceeded proper bounds by telling the jury that if the victim's testimony was not enough, "then there's something terrible, something terribly wrong with you".

In a close case such as this, where the victim was able to see her assailant only briefly, the incident took place around midnight on a rooftop, and the description the victim gave of her assailant differed from the defendant's actual appearance two days later, it cannot be said that the prosecutrix's over-zealousness was harmless. Consequently, a new trial is warranted *(see, People v McCann,* 90 AD2d 554; *People v Crimmins,* 36 NY2d 230). Lazer, J. P., Eiber, Kunzeman and Kooper, JJ., concur.