■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERASMO MEZON, Also Known as ANTONIO MEZON, Appellant.—

Inasmuch as the record shows that the police used an alleged traffic infraction as a pretext to investigate a suspicion that the defendant had committed a burglary, the stop of his automobile constituted an impermissible seizure *(see, People v Ingle,* 36 NY2d 413; *People v Llopis,* 125 AD2d 416; *People v Seruya,* 113 AD2d 777, 779, *lv denied* 66 NY2d 767). Consequently, the search of his car at the arrest scene may not be justified as a search incident to a lawful arrest; nor can the subsequent search of his car after its impoundment by the police be upheld as a proper inventory search *(see, Colorado v Bertine,* 479 US 367; *People v Gonzalez,* 62 NY2d 386). Nevertheless, since the record supports the hearing court's determination that the defendant consented to the search of his car, suppression of the items recovered therefrom was properly denied *(see, People v Gonzalez,* 39 NY2d 122; *People v Zimmerman,* 101 AD2d 294).

The court also properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony. Although the pretrial showup identification was unnecessary and unduly suggestive, there was an independent source for the witness's identification *(see, People v Riley,* 70 NY2d 523, 529; *People v Brown,* 125 AD2d 321; *People v Jackson,* 108 AD2d 757).

Finally, we find that the trial court did not abuse its discretion by denying the defendant's application to withdraw his plea *(see, People v Dixon,* 29 NY2d 55). The record shows that the defendant knowingly, intelligently and voluntarily chose to plead guilty to the crimes charged and his subsequent assertions of innocence and coercion are unsupported by the record *(see, People v Harris,* 61 NY2d 9, 17; *People v Matta,* 103 AD2d 756). Mangano, J. P., Thompson, Sullivan and Harwood, JJ., concur.