■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK HARVEY, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Sherman, J.), both rendered August 22, 1984, convicting him of attempted burglary in the second degree under indictment No. 1017/83, and criminal possession of stolen property in the second degree under indictment No. 1387/83, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant contends that the court erred when, after a *Dunaway-Mapp* hearing, it failed to suppress certain evidence obtained after his arrest as a result of a police stop of the vehicle in which he was a passenger. The defendant asserts that the stop was unlawful and that probable cause to arrest him was based on evidence and information obtained as a result of that police illegality. We disagree.

On the evening in question the arresting officer received a radio call about a possible burglary committed by two black males. Within a few minutes and approximately two blocks from the scene of the burglary the officer saw a van slow down and pick up two black males carrying some items. The rear lights of the van were not operating, offering reasonable grounds to suspect a violation of the Vehicle and Traffic Law and justifying a police stop of the vehicle *(People v Ellis,* 62 NY2d 393, 396).

When the driver got out to show the officer his license and registration, he left the door wide open, affording the officer a view inside, whereupon the officer could see 2 or 3 other persons and some items of jewelry in plain view. Five minutes later a radio car arrived with the complaining witness, who

looked in the van and identified several items belonging to him. This information was enough to provide probable cause *(People v Landy,* 59 NY2d 369, 376). Therefore, the search and seizure of the items in question as well as the arrest of the defendant was proper and suppression of the fruits of the search was properly denied.

The defendant also argues that the sentencing court abused its discretion by disavowing its initial sentence commitment. We note that the defendant failed to move to vacate his pleas at the time sentences were imposed. In any event, the argument is without merit. The defendant, by failing to appear on the scheduled sentencing date vitiated any prior negotiated agreement by breaching a specific condition imposed at the time that the pleas were entered *(see, People v Warren,* 121 AD2d 418). Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.