■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HOLSTEIN, Appellant.—Judgment unanimously affirmed. Memorandum: At approximately 3:00 A.M. on August 2, 1986, a Batavia police officer received a radio report that a citizen had observed that a motorcycle was tipped over against a curb at the intersection of Bank Street and Washington Avenue, that a person was seen sitting on the curb and that a motorcyclist's helmet was lying on the road. The officer was directed to respond and to investigate a possible accident. Upon arriving at the scene, he observed defendant approaching the intersection on a motorcycle, traveling at a speed of 10 to 15 miles per hour. The speed limit for the area was 30 miles per hour. The officer stopped defendant to inquire of his well-being and detected a strong odor of alcohol. Defendant was unable to perform field sobriety tests and was arrested. He was later convicted of aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3]) and driving while intoxicated as a felony (Vehicle and Traffic Law § 1192 [3], [5]).

The stop of defendant was proper. "All that is required is that the stop be not the product of mere whim, caprice, or idle curiosity" *(People v Ingle,* 36 NY2d 413, 420). "It is enough if the stop is based upon 'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion' *(Terry v Ohio,* 392 US 1, 21, *supra)" (People v Ingle, supra,* at 420; *see also, People v Singleton,* 41 NY2d 402, 405).

Here, the officer received a report of a possible motorcycle accident at a specific place. Having observed defendant in the vicinity traveling on a motorcycle at a very slow rate of speed, the officer had a reasonable basis for stopping and making inquiry of defendant. On these facts, "the momentary inconvenience inevitable in this police confrontation cannot be said to be unreasonable" *(People v John BB.,* 56 NY2d 482, 488, *cert denied* 459 US 1010). (Appeal from judgment of Genesee County Court, Morton, J.—felony driving while intoxicated.) Present—Dillon, P. J., Boomer, Green, Lawton and Davis, JJ.