■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SULLIVAN, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered January 24, 1989, convicting him of driving while intoxicated as a felony (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that the court erred when, after a hearing, it failed to suppress certain evidence obtained upon

his arrest after the police stopped his vehicle. The defendant asserts that the stop was unlawful and that probable cause to arrest him was based on evidence and information obtained as a result of that illegality. We disagree.

The record establishes that on the afternoon in question, the arresting officer received a radio report advising him that a blue pickup truck in his vicinity was being operated erratically. Shortly after receiving this report, the officer spotted the defendant's blue pickup truck, and observed him cross over a double yellow traffic line in violation of Vehicle and Traffic Law § 1126 (a). The officer followed the defendant's vehicle for over a quarter of a mile, and observed him cross over the median line twice more, and alternately speed up and slow down.

Contrary to the defendant's contentions, the arresting officer's observation of his erratic driving and commission of traffic infractions offered reasonable grounds to suspect a violation of the Vehicle and Traffic Law, and justified the stop of his vehicle (see, *People v Ellis*, 62 NY2d 393, 396; *People v Francois*, 155 AD2d 685; *People v Harvey*, 146 AD2d 585; *People v Williams*, 137 AD2d 569, 570). There is no basis for concluding that the officer stopped the defendant's vehicle as a pretext to investigate the radio report that a similar vehicle was being driven erratically, rather than upon his own observations of the defendant's driving (*cf., People v Watson*, 157 AD2d 476; *People v Mikel*, 152 AD2d 603; *People v Llopis*, 125 AD2d 416).

We have examined the defendant's remaining contention, and find that it is without merit. Brown, J. P., Rubin, Sullivan and Harwood, JJ., concur.