■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY GRAVES, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Colabella, J.), rendered January 9, 1987, convicting him of criminal possession of stolen property in the second degree, criminal possession of a forged instrument in the second degree, and

criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find that the police were justified in their initial attempt to stop the defendant's car because it was being operated after dark with a defective headlight in violation of Vehicle and Traffic Law § 375 (2) (a) *(see, People v Ellis,* 62 NY2d 393, 396; *People v Harvey,* 146 AD2d 585). In addition, the police had reasonable suspicion to believe that the defendant was engaged in criminal activity because his conduct and that of the codefendant Culbreath immediately prior to the attempted stop indicated that they were involved in a shoplifting scheme *(see, People v De Bour,* 40 NY2d 210, 223).

When one of the officers showed his badge and motioned the defendants' car to pull over to the roadside, Culbreath drove the car away at a high rate of speed. During the ensuing high-speed chase, the defendant was seen directing Culbreath to drive on the wrong side of the road and to pass through several red traffic lights and stop signs. The defendant was also seen throwing a handful of torn pieces of paper from the passenger side window. Under such circumstances, we find that the police had probable cause to arrest *(see,* CPL 140.10; *People v De Bour, supra,* at 223).

Finally, we find that the court did not improvidently exercise its discretion in limiting the defendant's *pro se* cross-examination of a police witness *(see, People v Duffy,* 36 NY2d 258, *mot to amend remittitur granted* 36 NY2d 857, *cert denied* 423 US 861; *People v Hill,* 134 AD2d 520). The court permitted the defendant to extensively cross-examine the officer concerning the police inventory search of the car *(see, Illinois v Lafayette,* 462 US 640, 643-644; *People v Townsend,* 152 AD2d 515, 517). Kunzeman, J. P., Kooper, Sullivan and O'Brien, JJ., concur.