■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DENISE RIVERSIDE, True Name JOANNE TAYLOR, Appellant.—
Appeal by the defendant, (1) as limited by her brief, from a
sentence of the Supreme Court, Queens County (Rotker, J.),
imposed July 10, 1989, upon her conviction of attempted
criminal sale of a controlled substance in the third degree,
upon her plea of guilty, the sentence being an indeterminate
term of 4 to 12 years' imprisonment, and (2) by permission,
from an order of the same court, dated October 12, 1989,
which denied her motion to set aside the sentence pursuant to
CPL 440.20.

Ordered that the sentence is modified, as a matter of discre-
tion in the interest of justice, by reducing it from 4 to 12
years' imprisonment to 3 to 9 years' imprisonment; as so
modified, the sentence is affirmed, and it is further,

Ordered that the order is affirmed.

During the plea allocution, the defendant was informed that
if she failed to appear on the date scheduled for sentencing,
she would not be permitted to withdraw her plea and the
sentence originally promised would be enhanced to 4 to 12
years' imprisonment. Upon the defendant's nonappearance,
the sentencing court imposed the enhanced sentence. This
procedure was entirely proper, and the defendant was not
entitled to have the enhanced sentence set aside (see, People v
Harvey, 146 AD2d 585; People v Warren, 121 AD2d 418; People
v Gamble, 111 AD2d 869; see also, People v Kazepis, 101 AD2d
816).

Under the circumstances of this case, however, we find that
the sentence imposed was excessive to the extent indicated.
Thompson, J. P., Brown, Balletta, Miller and O'Brien, JJ.,
concur.