■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE VAILS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered May 10, 1989, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and a statement made by him to the police.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence and his inculpatory statement is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

We agree with the defendant's contention that the stop of the livery cab in which he was riding constituted illegal police conduct. The hearing record amply demonstrates that the stop was not prompted by a traffic violation, but was instead premised upon an unelaborated precinct directive, issued in response to an increase in livery cab robberies, that all patrol units stop two or three livery vehicles each night to ascertain that everything was all right. Under the circumstances presented, this was an inadequate basis for stopping the vehicle (see generally, People v Scott, 63 NY2d 518; People v Ingle, 36 NY2d 413; People v Genn, 144 Misc 2d 596). Accordingly, the defendant's statement and the handgun recovered from his person is suppressed and the indictment is dismissed (see, People v Watson, 157 AD2d 476; People v Llopis, 125 AD2d 416). Mangano, P. J., Kunzeman, Kooper, Sullivan and O'Brien, JJ., concur.