■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

Jose Vasquez, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zelman, J.), rendered October 22, 1986, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, that branch of the defendant's motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The hearing record demonstrates that the defendant was a passenger in a car which was double-parked when Police Officers John Picerno and Michael Oliver pulled up behind it in an unmarked patrol car. The officers exited their vehicle and approached the double-parked car, Officer Oliver on the driver's side and Officer Picerno on the passenger's side. Officer Picerno testified at the suppression hearing that he and Officer Oliver were not interested in issuing a summons for any Vehicle and Traffic Law violation (see, Vehicle and Traffic Law § 1202), but instead were interested in investigating what they considered to be a suspicious vehicle. Officer Oliver then "[a]sked the two occupants to step out and produce identification and documents for the vehicle". As the defendant opened the door and exited the car, Officer Picerno observed a clear plastic bag containing a white substance believed to be cocaine on the floor of the passenger's seat. Officer Picerno then conducted a further search and recovered a semi-automatic pistol under the driver's side floor mat.

Under these circumstances, we find that the hearing court erred in denying suppression of the cocaine and gun recovered from the car. The hearing testimony clearly established that the alleged Vehicle and Traffic Law violation was employed by the officers as a mere pretext to approach and order the occupants out of the car (see, e.g., People v Vails, 170 AD2d 550; People v Mikel, 152 AD2d 603, 604-605; People v Rossetti, 148 AD2d 357; People v Mezon, 140 AD2d 634, 635; People v Llopis, 125 AD2d 416, 417). Accordingly, inasmuch as the act of detaining the defendant by ordering him out of the vehicle was not based on probable cause, reasonable suspicion or any

indicia that criminal activity was afoot, the evidence observed thereby is suppressed and the indictment is dismissed.

In light of the foregoing, we need not address the defendant's remaining contentions. Bracken, J. P., Kooper, Sullivan and Lawrence, JJ., concur.