■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER COGGINS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.),

rendered November 1, 1989, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On November 23, 1987, at a gas station on the Hutchinson River Parkway, an unidentified individual approached a police officer and informed him that several men had been using cocaine in the gas station's bathroom. This informant also told the officer that these men were driving a light blue Toyota.

The officer then drove his vehicle away from the gas station and followed the blue Toyota onto the Parkway. The officer soon determined that the Toyota was proceeding at approximately 75 miles per hour.

The officer directed the Toyota to pull over to the side of the Parkway, and he then approached the driver and asked him to produce his license and registration. When the driver proved unable to do so, the officer asked him to step out of the car.

As the operator stepped out of his vehicle, the officer observed a clear plastic package of what appeared to be marihuana on the front seat. A subsequent search of the vehicle yielded more marihuana as well as cocaine. The defendant, who was one of the passengers in the vehicle, was arrested with his companions.

After a jury trial, the defendant was convicted of criminal possession of a controlled substance in the third degree. On appeal, the defendant argues, among other things, that the search of the Toyota was illegal. We disagree. The officer lawfully stopped the vehicle, since its driver had been observed committing a traffic violation (see, People v Ellis, 62 NY2d 393; People v Graves, 163 AD2d 487; People v Rodriquez, 160 AD2d 960; People v Harvey, 146 AD2d 585). The officer was equally justified in ordering the driver to step out of the car (see, Michigan v Long, 463 US 1032; People v Robinson, 74 NY2d 773, cert denied 493 US 860; People v McLaurin, 70 NY2d 779). The officer's seizure of the bag of marihuana which was exposed upon the driver's exit from the car was justified pursuant to the "plain view" exception to the warrant requirement (People v McLaurin, supra; People v Belton, 55 NY2d 49; People v Rose, 125 AD2d 727). The discovery of the marihuana, in turn, justified a full scale search of the

vehicle for additional contraband *(Chambers v Maroney,* 399 US 42; *People v Langen,* 60 NY2d 170, *cert denied* 465 US 1028).

The People correctly note that it is absurd to suggest that the officer in question had the constitutional obligation to allow the driver of the blue Toyota to exceed the speed limit by 20 miles, and to "close his eyes to a blatant traffic infraction", simply because the officer also had some reason to believe that one or more of the occupants of the car were in possession of contraband. The legality of the officer's conduct is not diminished by the fact that in addition to having more than probable cause to believe that the driver had committed a traffic infraction, he also had what was arguably less than probable cause to believe that the driver had committed more serious crimes as well. Therefore, we reject the defendant's argument that the contraband seized must be suppressed on the basis that the initial stop of the vehicle was a "pretext" *(cf., People v Vasquez,* 173 AD2d 580; *People v Llopis,* 125 AD2d 416). There is, in any event, no evidence from which to draw the inference, as a matter of fact, that the officer stopped the vehicle as a pretext for conducting a search for drugs.

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Kooper, Lawrence and Miller, JJ., concur.