■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY SMITH, Also Known as CORNELL HERON, Respondent. —Appeal by the People from an order of the Supreme Court, Kings County (Slavin, J.), dated January 24, 1990, which granted that branch of the defendant's omnibus motion which was to suppress physical evidence and a statement made by him to law enforcement officials.

Ordered that the order is affirmed.

While the police were conducting surveillance of a building located in a residential area and known as a "stash house", they saw the defendant exit carrying a canvas bag. Detective Miles, the sole witness who testified, observed the defendant make a phone call, then after several minutes enter a cab and have a discussion or argument with the driver. Although the defendant was not a target of the investigation, Miles and his partner, Detective Walsh, followed him because they thought there might be drugs in his bag. After observing the cab make a U-turn and then drive an additional block, Miles and Walsh stopped the cab. Walsh asked the driver if there was any problem. Meanwhile, Miles noticed the bag on the floor and asked the defendant and the driver whether it was theirs. Both denied ownership. Miles then reached inside the car, grabbed the bag, opened it and found a gun and ammunition. On appeal, the People claim that the police were justified in stopping the cab, since they had observed it making an illegal U-turn. We disagree.

It is settled that "[t]he police may not use traffic violations as a mere pretext to investigate the defendant on an unrelated matter" *(People v Llopis,* 125 AD2d 416, 417; *see also, People v Vasquez,* 173 AD2d 580; *People v Watson,* 157 AD2d 476). Here, the officer who testified at the hearing admitted that he was following the defendant because he thought there might be drugs in the bag. Moreover, the police did not bother to give the cab driver a summons, or even ask to see his license or registration. Thus, the alleged Vehicle and Traffic Law violation was clearly a mere pretext to stop the vehicle.

In addition, the People's argument that the police had a "reasonable suspicion" that criminal activity was afoot is without merit *(see, People v Hicks,* 68 NY2d 234; *People v Wade,* 143 AD2d 703). As the hearing court found, "[a]ll of the defendant's behavior was at least as compatible with his innocence as with his guilt".

We also find no merit to the People's contention that the bag and its contents were admissible on the theory that the defendant abandoned the bag *(see, People v Howard,* 50 NY2d 583, *cert denied* 449 US 1023; *cf., People v Torres,* 74 NY2d 224, 229, n 3). Bracken, J. P., Lawrence, Eiber and Santucci, JJ., concur.