■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WESLEY E. WEDDINGTON, Appellant. [596 NYS2d 179] —Crew III, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered January 3, 1992, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

Defendant was stopped in the early morning hours of August 16, 1991 while driving an automobile in the City of Binghamton, Broome County, when a police officer noticed that the taillights on the vehicle were not on. Defendant was unable to produce his license or registration, and a radio check indicated that the Connecticut license plates on the

vehicle were stolen. Defendant was then placed under arrest for possession of stolen property. A second radio check revealed that the vehicle had been reported stolen in Connecticut. The vehicle was then impounded and, during a subsequent inventory search, police found numerous packets of cocaine in the vehicle. After County Court denied defendant's motion to suppress the physical evidence found in the vehicle, as well as a statement he made to police after his arrest, defendant pleaded guilty to criminal possession of a controlled substance in the fifth degree.

Testimony at the suppression hearing demonstrated that defendant's arrest and the impounding of the vehicle were premised upon the radio transmissions the arresting officer received advising that the license plates and the vehicle were stolen. While probable cause may be based upon police radio bulletins, the presumption of probable cause disappears once a defendant challenges the police action and the People must demonstrate that the sending agency possessed the requisite knowledge to justify the police conduct (see, *People v Rosario*, 78 NY2d 583, 588, *cert denied* — US —, 112 S Ct 1210; *People v Landy*, 59 NY2d 369, 375; *People v Lypka*, 36 NY2d 210, 213-214). Here, no such demonstration was made. Based upon the peculiar facts of this case, however, reversal is not warranted. At the suppression hearing, counsel for defendant moved to compel the People to produce Connecticut police personnel to demonstrate probable cause. County Court erroneously ruled that such evidence was unnecessary and, as an apparent result, the People failed to produce personnel from the sending agency. The Court of Appeals has made clear that the People are entitled to one full opportunity to present relevant evidence at a suppression hearing, and if an erroneous ruling by the hearing court prevents the People from doing so, a rehearing is required (see, *People v Havelka*, 45 NY2d 636, 642-643; *see also, People v Verrecchio*, 23 NY2d 489; *People v Malinsky*, 15 NY2d 86). Accordingly, the determination of this appeal should be withheld and the matter remitted to County Court for a further hearing on the motion to suppress.

Mikoll, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.