◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ISMAEL MELENDEZ and CHARLES JAUME, Respondents. [600 NYS2d 776] —Weiss, P. J. Appeal from an order of the County Court of Albany County (Turner, Jr., J.), entered August 7, 1992, which, *inter alia,* granted defendants' motion to suppress evidence.

At approximately 9:20 P.M. on November 14, 1991, Detective James Lyman of the City of Albany Police Department Special Investigations Unit was operating an unmarked automobile on Second Street with three other detectives in the car. Lyman's speed was 20 to 25 miles per hour in a 30 mile-per-hour speed zone. The driver of another car traveling behind Lyman began flashing its headlights between the high and low beams. Lyman brought his vehicle to a stop in a position alongside parked vehicles so as to block the entire street and the four plain-clothed detectives quickly exited, with one officer drawing his gun. Defendant Ismael Melendez was the driver and defendant Charles Jaume was the front seat passenger. Two other individuals were seated in the rear, where drugs were discovered on the floor behind the driver's seat. Defendants were indicted on charges of criminal possession of a controlled substance in the third and fourth degrees and Melendez was also indicted for resisting arrest. Following a suppression hearing, County Court found that the motivating factor leading to the stop was not a routine traffic infraction* and that the infractions were merely pretextual to permit a search of the vehicle. The seized evidence was suppressed and the indictments dismissed. The People have appealed.

At the outset, we observe that much weight must be accorded the determination of the suppression court which has the particular advantage of having seen and heard the witnesses *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Brainard,* 122 AD2d 299, 300, *lv denied* 68 NY2d 913; *see also,*

---

* Lyman stated that the purpose of the stop related to the flashing of the high beams *(but see,* Vehicle and Traffic Law § 375 [3]). Two traffic citations were issued; following too closely and failure to dim headlights.

*People v Oden,* 36 NY2d 382, 385). While police officers are authorized to stop a motor vehicle where a traffic offense has been committed in their presence, it is impermissible to use a stop as a mere pretext to facilitate other unrelated purposes *(see, People v Smith,* 181 AD2d 802; *People v Letts,* 180 AD2d 931, 934, *appeal dismissed* 81 NY2d 833). Here, the decision by County Court finds support from the detectives' own testimony, which in several critical aspects contradicts their contention that it was a routine traffic stop. We find no reason to disturb County Court's findings and conclusions *(see, People v Carbone,* 184 AD2d 648, 649).

Yesawich Jr., Levine, Mercure and Mahoney, JJ., concur. Ordered that the order is affirmed.