■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN N. ROYKO, Appellant. [607 NYS2d 515] —Judgment reversed on the law, motion to suppress granted and indictment dismissed. Memorandum: On March 18, 1992, at about 9:16 P.M., a caller telephoned the Clifton Springs Police Department to report a possible D.W.I. in the Village of Clifton Springs. The caller stated that a 1978 brown Lincoln Continental, license number 8CA957, had been observed being driven erratically. Ontario County Sheriff's Deputies Ritter and Abraham heard the dispatch and drove to Clifton Springs to investigate. They observed the vehicle parked on Main Street in front of a pizza restaurant. The deputies continued to patrol in the area, and shortly after 10:00 P.M. they observed the vehicle traveling down Main Street. They stopped the vehicle. Defendant was driving. Deputy Ritter detected the odor of an alcoholic beverage on defendant's breath and observed that defendant's eyes were "bloodshot and watery". Defendant admitted having had two beers and was unable to perform standard field sobriety tests. Defendant was arrested for D.W.I.

At the suppression hearing, Deputy Ritter admitted that his sole basis for stopping defendant's vehicle after 10:00 P.M. was the dispatch he heard at 9:16 P.M. He observed no erratic driving nor any traffic infractions. County Court denied defendant's motion to suppress. We reverse.

Absent some independent observations on the part of the deputies, the fact that a particular vehicle was spotted being driven erratically almost an hour before was not sufficient to give rise to reasonable suspicion sufficient to stop the vehicle *(see, People v Bruce,* 78 AD2d 169, 172; *cf., People v Sullivan,* 160 AD2d 824; *People v Jefferson,* 155 AD2d 620; *People v Holstein,* 154 AD2d 905, *lv denied* 74 NY2d 949). When the deputies first observed the vehicle, it was parked at a restaurant. They did not observe the driver enter the vehicle and they could not be reasonably certain that the person who was driving the vehicle from the restaurant was the same person who was driving it when it was observed being driven erratically almost a hour earlier. Under those circumstances, we conclude that the telephone tip did not provide the deputies with a legal basis to stop the vehicle when they did *(see, People v May,* 81 NY2d 725, 728).

All concur except Lawton, J., who dissents and votes to affirm in the following Memorandum.

Lawton, J. (dissenting). I respectfully dissent because only a minimal factual basis is needed to support a stop for a " 'routine traffic check' " and an actual violation of the Vehicle and Traffic Law need not be detected *(People v Ingle,* 36 NY2d 413, 420). In *People v Holstein* (154 AD2d 905) we stated, quoting *Ingle,* that for a stop of a vehicle to be proper: " 'All that is required is that the stop be not the product of mere whim, caprice, or idle curiosity' *(People v Ingle,* 36 NY2d 413, 420). 'It is enough if the stop is based upon "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion" *(Terry v Ohio,* 392 US 1, 21, *supra)' (People v Ingle, supra,* at 420; *see also, People v Singleton,* 41 NY2d 402, 405)." Here, the police officers were advised of a citizen's report that a 1978 brown Lincoln Continental, license number 8CA957, was observed being driven erratically near the Village of Clifton Springs. The officers' stop of that vehicle when they observed it in that vicinity shortly thereafter was not the product of mere " 'whim, caprice, or idle curiosity' " *(supra,* at 905). To require a police officer to place the vehicle under surveillance and permit its continued operation before stopping the vehicle, as suggested by the majority, would only expose the public

to needless danger. (Appeal from Judgment of Ontario County Court, Henry, Jr., J., plea; Sirkin, J., suppression hearing—Felony Driving While Intoxicated.) Present—Denman, P. J., Pine, Lawton, Doerr and Boehm, JJ.