■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT PERRIN, JAMEL TARVER AND JOHN TARVER, Respondents. [608 NYS2d 333] —Weiss, J. Appeal from an order of the County Court of Albany County (Turner, Jr., J.), entered March 1, 1993, which, inter alia, granted defendants' motions to dismiss the indictment.

When the moving papers in a motion to suppress evidence seized in the search of a motor vehicle raise contested factual issues regarding the reasonableness of the police action and whether defendants consented to the search, an evidentiary suppression hearing should be held (see, CPL 710.60 [4]; People v Cole, 187 AD2d 873, 874; People v Knights, 124 AD2d 935; People v Jones, 124 AD2d 1072). We therefore hold that it was error for County Court, without conducting a hearing, to find Vehicle and Traffic Law § 375 (30) to be unconstitutionally vague and, as a result, conclude that the police improperly stopped defendants' vehicle, order that the contraband seized from the automobile be suppressed and thereupon dismiss the indictment.

The facts, as they appear in the record, briefly stated, are as follows. State Trooper Carlos Cuprill observed a "very dark tinted window" on the vehicle in which defendants were traveling on the Thruway and, as he pursued the vehicle, also noticed several objects on the dashboard of that vehicle. Cuprill stopped the vehicle on the basis of a violation of the obstructed vision statute (see, Vehicle and Traffic Law § 375 [30]) and, after obtaining both verbal and written consent from defendant John Tarver, the driver, searched the car, finding what proved to be cocaine. All three occupants were arrested, held for a preliminary hearing and subsequently indicted for criminal possession of a controlled substance in the first degree. The aforementioned decision and dismissal order of County Court have given rise to this appeal by the People.

The People argue that the statute is neither vague nor ambiguous, nor does it lend itself to arbitrary enforcement by the police, and that the stop could also have been justified on the basis of another traffic offense, i.e., a violation of Vehicle and Traffic Law § 375 (12-a) (b), the "tinted window statute". Defendants rely on *People v Lew* (115 Misc 2d 421), in which the trial court held the subject statute unconstitutional for vagueness, and on *People v Bright* (71 NY2d 376), which provides a two-prong test for determining the constitutionality of a statute. They further argue that Cuprill did not offer facts to justify a stop grounded upon an alternative traffic offense.

The presence of contested factual issues brought into focus the validity of the grounds for the stop, whether Cuprill made the stop because of obstructed vision or excessively tinted windows, and whether he acted in good-faith reliance upon the statute (see, *Michigan v DeFillippo*, 443 US 31; see also, *People v Bright, supra*, at 380-381, n 1). It appears clear that an evidentiary hearing was required, particularly because police officers are authorized to stop a motor vehicle when a traffic offense has been committed in their presence (see, *People v Melendez*, 195 AD2d 856, 857; see also, *People v Carter*, 199 AD2d 817).*

Finally, "[t]he Court of Appeals has made clear that the People are entitled to one full opportunity to present relevant evidence at a suppression hearing" (*People v Weddington*, 192 AD2d 750, 751; see, *People v Havelka*, 45 NY2d 636, 642-643;

---

* We note that a preliminary hearing was held by the Town of Bethlehem Justice Court, which found that reasonable cause existed to bind defendants over for Grand Jury proceedings.

*People v Malinsky,* 15 NY2d 86; *see also, People v Crandall,* 69 NY2d 459, 463-464).

Cardona, P. J., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.