■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK TAYLOR, Appellant. [612 NYS2d 527] —Judgment unanimously reversed on the law, plea vacated, motion to suppress granted and indictment dismissed. Memorandum: Supreme Court erred in denying defendant's suppression motion. The warrantless stop of defendant's vehicle was proper only if it was based upon a reasonable suspicion of criminal activity (see, People v May, 81 NY2d 725, 727). Here, the stop of defendant's vehicle was not based upon reasonable suspicion. The police officer testified that he called for assistance in pulling over defendant's car because he believed that defendant was trying to elude him. He testified that he did not determine that the vehicle was being operated recklessly nor

did he think that there was criminal activity at that point. The People's argument that the stop was justified by the officer's earlier observation that the vehicle was travelling in excess of the 30 mile per hour speed limit is without merit. " '[T]he police may not use traffic violations as a mere pretext to investigate the defendant on an unrelated matter' " *(People v Smith*, 181 AD2d 802, 803, quoting *People v Llopis*, 125 AD2d 416, 417). The motion to suppress is therefore granted and the indictment is dismissed. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Possession Controlled Substance, 4th Degree.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.