■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELLIOTT I. JAMES, Appellant. [630 NYS2d 176] —Judgment unanimously reversed on the law, motion granted and indictment dismissed. Memorandum: County Court erred in denying the motion by defendant seeking to suppress his statements to the police and evidence seized by the police on the ground that they were the product of an illegal arrest. The People candidly concede that the testimony of the police officers at the *Huntley* hearing failed to establish the reliability of their confidential informant and that the court erred in concluding that the police had probable cause to arrest defendant based on information from that informant. The People contend, however, that the police had probable cause to stop and arrest defendant based on his traffic infractions. The record establishes that the officers received orders to pursue and stop defendant for possession of cocaine before they observed any traffic infractions. The alleged traffic infractions, therefore, were but a pretext to investigate defendant on an unrelated matter (*see, People v Camarre,* 171 AD2d 1002, *lv denied* 78 NY2d 953; *People v Mezon,* 140 AD2d 634, 635; *People v Llopis,* 125 AD2d 416, 417).

Because the statements of defendant to the police and the evidence seized by the police were the result of the unjustified stop of his vehicle and his unlawful arrest, they must be suppressed. Consequently, defendant's motion is granted and the indictment dismissed. (Appeal from Judgment of Cattaraugus County Court, Himelein, J., suppression motion and trial; Ward, J., suppression hearing—Attempted Criminal Possession Controlled Substance, 4th Degree.) Present—Lawton, J. P., Fallon, Wesley, Callahan and Doerr, JJ.