■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSE YNOA and LUIS RODRIGUEZ, Respondents. [636 NYS2d 888] — Spain, J. Appeal from an amended order of the County Court of Albany County (Breslin, J.), entered February 17, 1995, which granted defendants' motions to suppress evidence.

On February 16, 1994 State Trooper Lawrence Barrera, while assigned to traffic patrol on the Thruway, received a "be on the lookout for" message (hereinafter BOLO) from his headquarters. The message provided that Barrera should look for a vehicle coming easterly from an area around the City of Rochester, Monroe County, and heading toward New York City. The BOLO described the vehicle as a grey Oldsmobile Cutlass

with Massachusetts plates occupied by two Hispanic males. In addition, the BOLO indicated that the vehicle should possess a large quantity of U.S. currency and possibly cocaine. Two hours later Barrera received a message which indicated that a vehicle matching the BOLO description had been spotted approximately 30 miles west of where he was located. In furtherance of the BOLO message and the subsequent reported sighting, Barrera parked his car in a U-turn area and monitored eastbound traffic. Thereafter, Barrera saw a vehicle containing two occupants which matched the description of the vehicle described in the BOLO; Barrera also observed that one of the headlights was out on the vehicle. Barrera exited the U-turn area, followed the vehicle, and within a mile successfully directed the vehicle to pull over to the shoulder of the road.

After defendant Luis Rodriguez, the driver, complied with Barrera's request to exit the vehicle, Rodriguez was subjected to a pat-down search and was told that one of his headlights was out. Barrera then approached the passenger side of the vehicle and separately questioned defendant Jose Ynoa. Upon Barrera's request, Rodriguez got into the troop car wherein he was issued a ticket for the headlight infraction. A second trooper arrived at the scene accompanied by a specially trained dog and seated himself in the rear of Barrera's troop car; he was present when Barrera requested Rodriguez's consent to search the vehicle, to which Rodriguez responded that Barrera could "look in the car".

A search of the vehicle was conducted by use of the specially trained dog. The dog, which was in the second troop car when Rodriguez consented to the search of his vehicle, "hit" upon two spots in the car, to wit, the rear seat area of the vehicle and the front passenger side dash area of the vehicle. The troopers then searched underneath the front passenger seat and found a bag containing U.S. currency and lifted up the rear seat where a garbage bag containing a brick-like object was found; the brick-like object was later determined to be cocaine. After a subsequent pat-down search of defendants, approximately $7,000 in U.S. currency was recovered from Ynoa's jacket. Defendants were transported to a local State Police barracks where, after questioning, Rodriguez gave an incriminating statement. On March 30, 1994 both defendants were indicted on one count each of criminal possession of a controlled substance in the first and third degrees (Penal Law § 220.21 [1]; § 220.16 [1]).

Both defendants moved to suppress the evidence that was

seized during the stop of the vehicle. After a suppression hearing, County Court determined that the stop of the vehicle was based upon the BOLO and any assertion that the stop was based on the traffic violation was a pretext. County Court also determined that defendants made a timely *Lypka* challenge (*see, People v Lypka*, 36 NY2d 210). Based upon the People's failure to elicit any testimony regarding the probable cause for the search before resting their direct case, County Court granted defendants' motions to suppress. The People appeal.

We affirm. "A police officer is entitled to act on the strength of a radio bulletin or a telephone or teletype alert from a fellow officer or department and to assume its reliability" (*People v Lypka, supra*, at 213 [citations omitted]). Where the bulletin or alert establishes probable cause, a reasonable search is permissible because the sender's knowledge is imputed to the receiver (*supra*, at 213). Therefore, when the receiver acts upon the bulletin or alert, "he presumptively possesses the requisite probable cause to search" (*supra*, at 213). However, once a challenge to the receiver's action is made on a motion to suppress, the presumption of probable cause disappears and the People must demonstrate that the sender or sending agency had probable cause to act (*supra*, at 214; *see, People v Weddington*, 192 AD2d 750, 751).

Although the People argue otherwise, County Court's determination that a sufficient *Lypka* challenge was made by both defendants is supported by the record. Contrary to the People's assertions, the omnibus motions, made shortly after arraignment on behalf of each of the defendants, sufficiently raise probable cause issues surrounding the search of the vehicle. Notably, the People thereafter consented to the "entry of an order granting a hearing to examine the circumstances surrounding the seizure". Furthermore, at the beginning of the suppression hearing, after an off-the-record conference, County Court reported that there had been a challenge on behalf of each defendant "as to the [legality of the] seizure of the vehicle or the stop of the vehicle"; the court's report occurred during a discussion of Ynoa's standing to challenge the stop or the subsequent seizure. It was therefore the People's burden to establish that the sending agency had probable cause.

The People's contention that County Court should have allowed them to reopen their case, especially when the necessary witnesses were still available in the courtroom, is unavailing. Defendants' assertion that the People had not met their burden regarding probable cause was clearly made after the People had a full opportunity to present its case (*see, People v Havel-*

*ka*, 45 NY2d 636, 641; *People v Bryant*, 37 NY2d 208); further, it was a proper exercise of its discretion for County Court to deny the People the opportunity to reopen (*cf.*, *People v Weddington*, *supra*, at 751). The People's failure to establish that the informant was reliable or that the informant had a basis of knowledge is fatal (*see*, *People v Parris*, 83 NY2d 342, 346-347).

Additionally, the police must have a reasonable suspicion to stop a defendant's car "because absent such suspicion, the stop would constitute an impermissible seizure negating all that followed" (*People v Letts*, 180 AD2d 931, 933, *lv granted* 79 NY2d 1051, *appeal dismissed* 81 NY2d 833). Police officers may stop a motor vehicle where they have observed the commission of a traffic offense in their presence (*supra*, at 934); however, the violation of the Vehicle and Traffic Law cannot be a mere pretext to investigate the defendant for another unrelated matter (*People v Melendez*, 195 AD2d 856, 857; *People v Smith*, 181 AD2d 802, 803; *People v Letts*, *supra*, at 934; *People v Llopis*, 125 AD2d 416, 417). Where the alleged vehicle and traffic violation does not motivate the stop, it cannot be used to justify the stop (*see*, *People v Llopis*, *supra*, at 417). The suppression court has the advantage of having seen and heard the witnesses (*People v Melendez*, *supra*, at 856). Thus, much weight must be accorded the determination of that Court (*supra*). In the case at bar it is clear that Barrera intended to intercept the car described in the BOLO and that the stop was not motivated by the headlight infraction. Under these circumstances we conclude, in agreement with County Court, that the stop upon the ground of the headlight infraction was a pretext and that the evidence in question was properly suppressed.

Mercure, J. P., White, Casey and Peters, JJ., concur. Ordered that the amended order is affirmed.