(June 13, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD HUMMER, Appellant. [644 NYS2d 343] —Spain, J.

In the summer of 1990 the Mid-Hudson Drug Enforcement Task Force (hereinafter DETF) and the State Police conducted a three to four-month undercover investigation into alleged drug trafficking which culminated in the arrest of defendant and Michael Cline. Louis Del Toro, an undercover investigator with the State Police, had met with the pair on numerous occasions prior to the date of arrest; the meetings occurred at Cline's residence and defendant was present at all the meetings. On August 28, 1990, Del Toro went to Cline's house and purchased 72 grams of cocaine. Del Toro testified at a subsequent suppression hearing that in exchange for the cocaine he handed $3,000 to Cline, who immediately thereafter counted the money and gave the currency to defendant; defendant put it in his wallet. Del Toro testified that after the transaction was completed he departed Cline's house at approximately 4:32 P.M. Shortly thereafter defendant and Cline were arrested; the pair had separated and were apprehended while operating separate motor vehicles. They were subsequently indicted on a multicount indictment stemming from the "buy and bust" operation.

A suppression hearing was held after which, *inter alia*, defendant's motion to suppress evidence was denied. Thereafter, defendant pleaded guilty to one count of criminal sale of a controlled substance in the first degree in full satisfaction of all pending charges.* At his sentencing defendant moved to withdraw his plea of guilty; County Court denied his motion and sentenced him to 15 years to life imprisonment. Defendant appeals.

We affirm. In our view, defendant's contention that the People failed to prove that the stop and arrest of defendant was supported by probable cause is belied by the record. The testimony at the suppression hearing, including testimony from Del Toro and arresting officer Timothy McGuire, a Deputy with the Ulster County Sheriff's Department, revealed that DETF and the State Police were involved in an extensive investigation regarding defendant's and Cline's alleged involvement in the drug trade. McGuire testified that on August 28, 1990 he was assigned to a special detail working with DETF for the purpose of assisting in the anticipated arrest of defendant and Cline. At approximately 5:10 P.M. McGuire received a

---

* Cline also pleaded guilty to the crime of criminal sale of a controlled substance in the first degree. Upon appeal this Court affirmed his conviction (*See, People v Cline*, 192 AD2d 957, *lv denied* 81 NY2d 1071).

radio transmission that a vehicle operated by defendant would be proceeding down the roadway past where he was positioned and that defendant's vehicle would be directly behind a lead vehicle, which was an unmarked police unit—a vehicle known to McGuire. After the lead vehicle passed, followed by defendant's vehicle, McGuire pulled out behind defendant's car and effected a stop of the car. Defendant was subsequently removed from the vehicle and arrested.

"A police officer is entitled to act on the strength of a radio bulletin or a telephone or teletype alert from a fellow officer or department and to assume its reliability" (*People v Lypka*, 36 NY2d 210, 213; *see, People v Maldonado*, 86 NY2d 631, 635). When the receiver acts upon the bulletin or alert, "he presumptively possesses the requisite probable cause to search" (*People v Lypka, supra*, at 213). Once a challenge to the receiver's action is made on a motion to suppress, however, the presumption of probable cause disappears from the case and the People must demonstrate that the sender or sending agency had probable cause to act (*see, People v Ynoa*, 223 AD2d 975, 977; *see also, People v Lypka, supra*; *People v Weddington*, 192 AD2d 750). However, unless a defendant specifically challenges the reliability of the information conveyed, reliability may be assumed when a police officer is the sender or informant (*see, People v Dodt*, 61 NY2d 408, 416; *People v Rogers*, 152 AD2d 947, 948, *lv denied* 74 NY2d 851; *see, People v McAllister*, 143 AD2d 687, *lv denied* 73 NY2d 857).

Here, the record reveals that defendant never raised the issue of the reliability of the information. Although there was no testimony at the suppression hearing that Del Toro radioed his fellow police officers to alert them that the prearranged ·drug purchase transaction was complete, under the circumstances of this "buy and bust" operation, which involved the planning, cooperation and communication of many law enforcement officers, we find no other rational conclusion than that these facts could be presumed by any receiver of Del Toro's message who was familiar with the plan. McGuire was specifically assigned to the special detail on the day of the transaction to assist in the arrest of defendant and Cline after they completed a drug transaction with Del Toro. When he received the expected radio transmission to apprehend defendant, McGuire, with his knowledge and experience, could logically assume that the buy which had been planned had occurred (*see generally, People v Washington*, 87 NY2d 945).

We further reject defendant's contention that the People failed to establish that the vehicle McGuire stopped matched

the vehicle described in the radio transmission. A radio transmission is sufficient if it includes a detailed description of the defendant and his location and indicates that the defendant has committed a crime (*see generally*, *People v Rivera*, 209 AD2d 151, 152, *lv denied* 84 NY2d 1037; *People v Williams*, 205 AD2d 567, *lv denied* 83 NY2d 1008). Here, McGuire testified that he was told via the radio communication that defendant would be proceeding down the road directly behind the lead vehicle, that he knew that the lead vehicle would be an unmarked police car and that he was familiar with the lead vehicle. McGuire's stop of defendant's car was neither happenstance nor "a lucky guess"; the stop was based upon information transmitted to McGuire which was sufficient, under the circumstances of this case, to provide him with probable cause.

We find no abuse of discretion in County Court's denial of defendant's motion to withdraw his guilty plea. Upon review of the record it is clear that defendant related a fully inculpatory version of the crime when County Court accepted his plea (*see*, *People v Shukar*, 135 AD2d 671). Although County Court did not apprise defendant of the agency defense, defendant's recitation of the underlying facts was inconsistent with an agency defense; defendant's conduct indicated that he had a personal interest in promoting the transaction in question (*see generally*, *People v Green*, 203 AD2d 381, *lv denied* 84 NY2d 826). Notably, it was only after County Court had denied defendant's motion to withdraw the plea that defendant changed his story to fit an agency defense.

We have considered defendant's remaining contentions and find them to be without merit.

Cardona, P. J., Mikoll, Mercure and White, JJ., concur. Ordered that the judgment is affirmed.