■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HILTON ROUNDTREE, Respondent. [651 NYS2d 615] —Appeal by the People from an order of the Supreme Court, Kings County (Rivera, J.), dated October 17, 1995, which granted those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made to law enforcement officials.

Ordered that the order is affirmed.

Contrary to the People's contention, the hearing court properly granted the defendant's motion to suppress all evidence obtained as a result of the stop of his vehicle. Although police observation of a traffic infraction is a sufficient basis to

justify a stop of the offending vehicle (*see, People v Ellis*, 62 NY2d 393; *People v Diaz*, 232 AD2d 289; *Matter of Marcellius H-R.*, 229 AD2d 578), it is equally well settled that the police may not use a traffic violation as a mere pretext to investigate a suspect on an unrelated matter (*see, People v Ynoa*, 223 AD2d 975; *People v David*, 223 AD2d 551; *People v James*, 217 AD2d 969). Here, the record reveals that the police decided to follow the defendant's vehicle because they were aware that a vehicle of a similar make and model had been used to transport guns into New York State. Moreover, while the officers subsequently observed the defendant make a left turn without signaling, they did not stop his vehicle until six blocks after he committed this traffic infraction, and did not question him about the infraction or issue a traffic summons. In addition, the arresting officer admitted that his decision to stop the defendant "was dictated by the fact that [he] wanted to investigate * * * possible gun running". Under these circumstances, the hearing court did not err in concluding that the alleged Vehicle and Traffic Law violation was a pretext to stop the defendant's vehicle and investigate an unrelated matter (*see, People v Ynoa, supra; People v James, supra; People v Smith*, 181 AD2d 802; *People v Vasquez*, 173 AD2d 580; *cf., People v Coggins*, 175 AD2d 924). Friedmann and Florio, JJ., concur.

Rosenblatt, J. P., and Ritter, J., concur with the following memorandum: We concur in the result on constraint of *People v Vasquez* (173 AD2d 580).