■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD W. WRIGHT, Appellant. [728 NYS2d 845] —Mugglin, J. Appeal from a judgment of the County Court of Warren County (Austin, J.), rendered March 15, 2000, upon a verdict convicting defendant of the crime of driving while intoxicated.

On August 1, 1999, State Trooper Scott Harrington was at the State Police substation in the Town of Indian Lake, Hamilton County, when an individual came in to advise that he had almost been run off the road by a red Suzuki vehicle that had its top down or removed. Although Harrington was at the end of his shift, he testified that he thought "time was of the essence" and he immediately left to search for the vehicle without obtaining any identification from the informer. He testified further that he drove south on Route 28 and, within about a mile and a half after entering Warren County, he observed a vehicle which fit the description that he had been given. He followed the vehicle and, having determined it had an inadequate muffler, he stopped it. Upon approaching the vehicle, he observed that defendant was the driver and that his eyes were glassy. He arrested defendant for driving while intoxicated based on his observations and the results of several field sobriety tests. He gave defendant the appropriate chemical test warnings but defendant refused on several occasions to submit to chemical test examination.

Defendant was thereafter indicted for, *inter alia*, driving while intoxicated. Following a combined *Dunaway/Sandoval* hearing, County Court determined that defendant was lawfully stopped by the Trooper. After trial, the jury convicted defendant of driving while intoxicated and he was sentenced to an indeterminate term of imprisonment of 1¹/₂ to 4¹/₂ years. On appeal, defendant's principal contention is that the evidence that he was driving while intoxicated should have been suppressed since he was not lawfully stopped by the Trooper.

It is well settled that a traffic infraction committed in the presence of a police officer is a sufficient and legal basis on which to stop a vehicle. This rule encompasses an overly loud muffler (*see*, Penal Law § 10.00 [1]; CPL 1.20 [39]; 140.10 [1] [a]). We note further that the Trooper issued defendant a ticket for an inadequate muffler in violation of Vehicle and Traffic Law § 375 (31) and that the suppression court was persuaded by the Trooper's observation of a traffic infraction to deny suppression of the other evidence. Since that court saw and heard the witnesses, much weight is accorded to its determination (*see*, *People v Prochilo*, 41 NY2d 759, 761; *People v Brainard*, 122 AD2d 299, 300, *lv denied* 68 NY2d 913).

Despite the foregoing, we reverse. While an officer may stop a vehicle for a traffic infraction committed in his or her presence, he or she may not use the traffic infraction as a pretext to investigate a wholly unrelated matter (*see*, *People v Ynoa*, 223 AD2d 975, 978, *lv denied* 87 NY2d 1024; *People v Melendez*,

195 AD2d 856, 857; *People v Letts*, 180 AD2d 931, 934, *appeal dismissed* 81 NY2d 833). Here, (1) the Trooper immediately left the substation in such haste as to neglect to obtain the identity of the informer, (2) he was searching for a vehicle with a very distinct appearance, (3) after finding it and while following it, he observed no erratic driving which would have been consistent with the anonymous information that he received (*compare, People v Walters*, 213 AD2d 810, *lv denied* 86 NY2d 742) and (4) upon stopping defendant, the Trooper did not advise him that he had been stopped for an inadequate muffler but immediately started investigating the driving while intoxicated charges. Under these circumstances, we believe that it is clear that the reason for the stop was to investigate the matter reported by the confidential informant, a matter wholly unrelated to the alleged muffler violation.

Crew III, J. P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, motion to suppress granted and indictment dismissed.