PUBLIC  SERVICE  COMMISSION,  SECOND  DISTRICT,
Respondent, v. INTERNATIONAL RAILWAY COMPANY,
Appellant.

**Mandamus — should not issue without trial where answer
alleges impossibility of compliance.**

Mandamus will not issue, where obedience is impossible, since
courts will not command a defendant, under pain of punishment
for contempt, to do what it cannot. Where, therefore, upon appli-
cation for a writ of mandamus, the answer alleges inability of defend-
ant to comply, the issue thereby raised should be tried, and it is error
to grant a motion for judgment on the pleadings.

*Public Service Commission* v. *International Ry. Co.*, 185 App. Div.
220, reversed.

(Argued October 16, 1918; decided October 23, 1918.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
October 12, 1918, which affirmed an order of Special
Term directing that a writ of mandamus issue under
section 57 of the Public Service Commissions Law
requiring the defendant within two days to operate its
cars in and between the cities of Buffalo, Niagara Falls
and Lockport, for the carriage of passengers in such
measure as to meet the reasonable demands of the
traveling public.

Henry W. Killien, Louis L. Babcock and Daniel J.
Kenefick for appellant.

Ledyard P. Hale for respondent.

Per Curiam. We think that the answer of the rail-
road company raises issues to be tried, and that there
was error in granting the motion for judgment on the
pleadings. The answer alleges that the defendant could
not take the strikers back, because they made demands
for a retroactive scale of wages involving a present
outlay of $275,000, and that this sum the company
did not have and could not borrow. If that is true,
mandamus will not issue, because obedience is impossible.
(City of Benton Harbor v. St. Joseph & B. H. S. R.

*Co.*, 102 Mich. 386; *Matter of Bristol & N. S. R. Co.*, L. R. 3 Q. B. D. 10, 13; *State ex rel. Little* v. *Dodge City M. & T. R. Co.*, 53 Kan. 329; *People ex rel. Green* v. *Dutchess & Col. R. R. Co.*, 58 N. Y. 152, 164; *People ex rel. Bailey* v. *Supervisors of Greene*, 12 Barb. 217; 10 Halsbury's Laws of England, Crown Practice, p. 101; 1 Wyman on Public Service Corporations, § 301.) The courts will not command the defendant, under pain of punishment for contempt, to do what it cannot. We do not say that there are no remedies where a corporation concedes itself powerless to fulfill its public duties. It is enough for our present purposes that they do not include mandamus. That the averments of the answer are true must be assumed, for the company was denied the opportunity to prove them. We do not know and cannot forecast the outcome of a trial. The supposed impossibility may then appear to be unreal. The defendant's resources may be greater than it admits. The evidence, when received, may justify the inference that even if the impossibility is real, a concession of higher rates for the future would lead the striking workmen either to waive demands for the past or to postpone the time of payment. But until the issues have been tried, we must take the answer as we find it. The courts below have assumed that the c mpany had the power to resume service at once by taking back its former workmen. The theory on which the writ issued is thus seen to be untenable.

On a new hearing the court must determine whether adequate service has been resumed; if not, whether the company's professed inability to yield to the demands of the striking employees is real; and if real, whether reasonable effort has been made to operate the road through others.

The order should be reversed, the proceeding remitted to the Special Term, and a rehearing ordered, with costs to abide the event.

HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO and MC-LAUGHLIN, JJ., concur; POUND, J., dissents; ANDREWS, J., absent.

Order reversed, etc.