In the Matter of the Application of FREDERICK A. KIMBALL, as Treasurer of the Village of Garden City, Appellant, for a Writ of Mandamus Addressed to WILLIAM A. LUYSTER, as Treasurer of the County of Nassau, Respondent.

Second Department, May 6, 1921.

Taxation — division of income tax among towns and villages under Tax Law, § 382, as amended by Laws of 1920, chapter 694 — mandamus not proper remedy to compel county treasurer to pay share to village where distribution has been made.

Income taxes coming into the possession of a county treasurer after May 10, 1920, should be distributed under section 382 of the Tax Law, as amended by chapter 694 of the Laws of 1920, which gives to incorporated villages within a town a certain percentage of the income tax, notwithstanding the county treasurer had apportioned the tax for 1920 before the act as amended took effect.

But where the county treasurer has actually paid out the money according to said apportionment, mandamus is not the proper remedy to compel the payment to a village of its share under section 382 of the Tax Law, as amended.

APPEAL by the petitioner, Frederick A. Kimball, from an order of the Supreme Court, made at the Nassau Special Term and entered in the office of the clerk of the county of Nassau on the 3d day of March, 1921, denying petitioner's motion for a writ of mandamus to require the county treasurer of Nassau county to pay to the treasurer of the village of Garden City $9,425.80, or the proportion due to that village from the fifty per centum of the State income tax collections under section 382 of the Tax Law, as added by chapter 627 of the Laws of 1919, and amended by chapter 694 of the Laws of 1920.

In October, 1919, the Nassau county officials made up the budget for the coming year. As the county treasurer had been advised that $198,174 was the estimated share of the State income tax that would be payable to Nassau county, he apportioned this credit to the towns of Nassau county as follows: Hempstead, $105,135; Oyster Bay, $41,277; North Hempstead, $51,762.

These credits were entered for the taxes to become payable in the spring of 1920.

However, on May 10, 1920, the Legislature amended section 382 of the Tax Law (Laws of 1920, chap. 694) so as to give a village within a town a part of such income tax moneys to be divided in the proportion that the assessed valuation of village real property bears to the total valuation of the real property in such town, including such village.

The State Comptroller's payments to the county treasurer on account of income tax in 1920, were: June 4, 1920, $176,198.72; October 4, 1920, $22,024.84; December 31, 1920, $2,753.10; total, $200,976.66.

In January, 1921, the village of Garden City applied for this writ, in which $9,425.80 was set forth as the proper sum due it under this 1920 amendment.

*C. Walter Randall,* for the appellant.

*H. Stewart McKnight,* for the respondent.

PUTNAM, J.:

In our opinion the act of 1920 superseded the method of dividing income tax moneys under the statute of 1919, by its recognition of incorporated villages as entitled to a ratable share. That State moneys coming to the county after May tenth were to be distributed under this later act. When in October, 1919, the Comptroller's future estimate became incorporated in the county budget, both his aggregate figure, and the method of town apportionment by dividing these credits, were necessarily provisional, being dependent on the law remaining unchanged. But after division and application of these funds to the Nassau towns, even if the distribution is not correct by reason of an over credit to

Hempstead, as a town containing a village, the funds no longer are in the county treasury for payment a second time. The moneys have been applied to reduce taxation of the entire town, and it would be vain and fruitless to compel by mandamus a second payment of part of same proceeds to a constituent village of that town. Mandamus, therefore, is not the proper remedy. (*People* v. *Supervisors of Greene,* 12 Barb. 217; *Public Service Commission* v. *International R. Co.,* 224 N. Y. 631.)

The present inequality could perhaps be redressed by future action of the supervisors, or may in other ways be properly remedied.

The order is, therefore, affirmed, but without costs

BLACKMAR, P. J., MILLS, KELLY and JAYCOX, JJ., concur. .

Order affirmed, without costs.