■ In the Matter of ROBERT TUMMINIA, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents.—Casey, J. Appeal from a judgment of the Supreme Court (Swartwood, J.), entered July 9, 1991 in Chemung County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as time barred.

By letter dated December 13, 1990 addressed to respondents, petitioner, an inmate at Great Meadow Correctional Facility in Washington County since November 1982, sought to have the date of the restoration of his privileges changed from February 26, 1991 to December 28, 1990 because the disciplinary determination which had resulted in his loss of privileges had been expunged by court order. This request was granted. However, petitioner further demanded that respondents expunge 27 disciplinary determinations, which occurred between November 10, 1982 and March 28, 1985, from his disciplinary record. By letter respondents refused to expunge these hearings "absent any pending litigation".

Petitioner commenced this proceeding by order to show cause dated January 9, 1991, claiming that the Department of Correctional Services had not properly filed the applicable rules pursuant to NY Constitution, article IV, § 8, citing to *People ex rel. Roides v Smith* (67 NY2d 899). Respondents moved to dismiss the proceeding as untimely. Petitioner countered that the proceeding was one for mandamus to compel, which requires a demand by petitioner for the relief, and a refusal by respondents, to start the Statute of Limitations running *(see, Austin v Board of Higher Educ.,* 5 NY2d 430, 442)*. Supreme Court granted respondents' motion and dismissed the petition.

Petitioner's contention is that this proceeding is timely because his demand was not made until December 13, 1990 and the proceeding was commenced by order to show cause dated January 9, 1991, well within the four-month period in which a CPLR article 78 proceeding may be timely brought. Petitioner, however, cannot extend the Statute of Limitations indefinitely by delaying his demand. If such a delay is unreasonable, petitioner will be guilty of laches and his proceeding barred *(see, supra)*. The underlying disciplinary determinations all occurred prior to March 1985. The delay of more than 5½ years before making his demand was clearly unreasonable and petitioner's proceeding was thus time barred, as Supreme Court correctly determined.

Furthermore, petitioner never demonstrated a clear legal right to the mandamus relief requested, as he was required to do *(see, Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.,* 77 NY2d 753, 757)*. As previously noted, the underlying disciplinary determinations were all decided before March 1985 and, lacking any challenge by petitioner, they were final and binding when he commenced this proceeding *(see, People ex rel. Miranda v Kuhlmann,* 127 AD2d 924, 925,

*lv denied* 69 NY2d 612). In our view, the judgment appealed from must be affirmed.

Levine, J. P., Mercure and Mahoney, JJ., concur. Ordered that the judgment is affirmed, without costs.