■ In the Matter of CHARLIE THOMAS, JR., Individually and on Behalf of HAMLIN PARK COMMUNITY AND TAXPAYERS' ASSOCIATION, Appellant, v CITY OF BUFFALO INSPECTIONS DEPARTMENT et al., Respondents. [713 NYS2d 795] —Judgment unanimously affirmed without costs. Memorandum: On December 18, 1996, the Zoning Board of Appeals of the City of Buffalo (ZBA) granted the application of respondent Jaffry N. Mohamed for a variance permitting him to expand the nonconforming use of his property as a retail store to include a take-out restaurant. On February 24, 1999, petitioner commenced the instant proceeding, alleging that Mohamed's operation of a take-out restaurant without a restricted use permit violates section 511-68.1 (D) (1) of the City of Buffalo Code, and seeking judgment directing respondent City of Buffalo Inspections Department (Department) to enforce that section of the Code.

Supreme Court properly dismissed the petition. The proceeding, commenced more than 30 days after the ZBA's determination, is untimely (see, General City Law § 82 [1]). Petitioner cannot avoid the bar of the Statute of Limitations by seeking relief in the nature of mandamus to compel. That relief is not available to petitioner because he has not demonstrated a clear legal right to it (see, Matter of Tumminia v Coughlin, 182 AD2d 885, 886; Matter of Flower City Nursing Home v Reed, 55 AD2d 826; see also, Matter of Walsh v LaGuardia, 269 NY 437, 441; Cortellini v City of Niagara Falls, 257 App Div 615, 616). Further, even if mandamus to compel were available, the proceeding would be barred by laches based upon the unreasonable delay of petitioner in making his demand to the Department (see, Matter of Densmore v Altmar-Parish-Williamstown Cent. School Dist., 265 AD2d 838, 839, lv denied 94 NY2d 758; Matter of Tumminia v Coughlin, supra, at 886). (Appeal from Judgment of Supreme Court, Erie County, Mintz, J.—CPLR art 78.) Present—Green, J. P., Hayes, Hurlbutt, Balio and Lawton, JJ.