■ In the Matter of LAWRENCE SCHWARTZ, Respondent, v ROB-ERT M. MORGENTHAU, as District Attorney of the County of New York, Appellant. [803 NYS2d 554]—

---

Judgment, Supreme Court, New York County (Louis B. York, J.), entered August 2, 2004, which denied appellant's cross motion to dismiss, granted the petition brought pursuant to CPLR article 78, and ordered appellant to apply $250,000 forfeited by petitioner in the underlying criminal action to his restitution obligation in an unrelated federal criminal proceeding, unanimously reversed, on the law, without costs, the cross motion granted, the petition denied and the proceeding dismissed.

On May 15, 2000, in federal court, petitioner pleaded guilty to two counts of insider trading related charges. Three weeks later, the judge sentenced him to a term of imprisonment followed by three years of supervised release. One condition of his supervised release required him to pay $786,402 in restitution in accordance with a civil consent decree he entered with the Securities and Exchange Commission.

Thereafter, on June 16, 2000, petitioner pleaded guilty in Supreme Court, New York County, to one count of scheme to defraud in the first degree to satisfy a multi-count indictment. As part of this plea agreement, the parties entered into a so-ordered stipulation providing that petitioner pay $750,000 in restitution and that, in addition, he forfeit $250,000 to the District Attorney. The agreement also provides for the forfeited funds to be distributed in accordance with CPLR 1349. Petitioner satisfied this separate forfeiture obligation on August 29, 2000, the day the state court sentenced him.

Almost three years later, by letter dated May 6, 2003, petitioner, relying on CPLR 1349 (2), inquired whether the forfeiture proceeds were used, and, if not, whether they would be applied instead to satisfy his outstanding restitution obligation in the federal action. On June 24, 2003, the District Attorney responded, advising that $80,000 had been paid to the state substance abuse program and the remainder was retained in the District Attorney's capacity as claiming agent.

On September 24, 2003, petitioner commenced the instant proceeding, in the nature of mandamus, to compel the District Attorney to apply the entire proceeds of his state forfeiture payment to his federal restitution obligation. The District Attorney cross-moved to dismiss the petition. Petitioner opposed the motion, and the court granted the petition.

We reverse.

Before bringing a petition seeking mandamus, a party must first make a demand and await a refusal. As a general rule, a party has four months from the time of the refusal to commence a mandamus proceeding (*see Austin v Board of Higher Educ. of City of N.Y.*, 5 NY2d 430, 442 [1959]; CPLR 217 [1]). However, "[t]his does not mean that the aggrieved party can, by delay in making his demand, extend indefinitely the period during which he is required to take action" (*Austin*, 5 NY2d at 442; *see also Matter of Devens v Gokey*, 12 AD2d 135 [1961], *affd* 10 NY2d 898 [1961]).

Here, petitioner did not inquire about the allocation of the forfeited funds until almost three years after the funds were forfeited to the State, even though he was undoubtedly aware of the restitution obligation the federal judge had imposed upon him well before he paid his $250,000 forfeiture in the underlying state action. Petitioner has proffered absolutely no excuse for his nearly three-year delay in making the demand; a demand, which we note, is accompanied by no factual rationale for granting it. Accordingly, the proceeding is barred by the doctrine of laches (*see Matter of Sheerin v New York Fire Dept. Arts. 1 & 1B Pension Funds*, 46 NY2d 488, 495-496 [1979] [in article 78 proceeding in nature of mandamus, proof of unexcused delay without more may be enough to invoke equitable defense of laches]; *see also Austin v Board of Higher Educ. of City of N.Y.*, *supra*; *Matter of Roberson v Ward*, 278 AD2d 180 [2000], *lv denied* 96 NY2d 717 [2001]).

In any event, even if laches offered no bar, petitioner lacks standing to compel the District Attorney to apply the forfeiture proceeds to restitution. In order to have standing in this proceeding, petitioner must demonstrate that the interest he asserts arguably falls within the zone of interest the Legislature sought to protect by enacting the forfeiture statute (CPLR article 13- A), and that the District Attorney's failure to comply with the demand will have a harmful effect on him (*see Matter of Dairylea Coop. v Walkley*, 38 NY2d 6, 9 [1975]; *see also Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772-774 [1991]). Petitioner has failed on both counts. He cannot demonstrate any harm as he specifically agreed to satisfy the separate obligations of forfeiture and restitution in both criminal actions as part of his plea bargains. Nor can he show that any interest of his falls within the zone of interest the Legislature sought to protect by enacting the forfeiture statute, as that statute was clearly enacted to "take the profit out of crime" (Governor's Mem approving L 1984, ch 669, 1984 NY Legis Ann, at 234), and not to afford any benefit to a criminal defendant.

We have considered and rejected petitioner's remaining arguments. Concur—Saxe, J.P., Marlow, Williams, Sweeny and Catterson, JJ.