[857 NE2d 56, 823 NYS2d 761]

In the Matter of Lawrence Schwartz, Appellant, v Robert M. Morgenthau, as District Attorney of the County of New York, Respondent.

Argued September 12, 2006; decided October 17, 2006

## POINTS OF COUNSEL

*Stein Riso Mantel, LLP,* New York City (*Gerard A. Riso, Roger K. Marion* and *George L. Schwab* of counsel), for appellant. I. The Appellate Division incorrectly found that appellant was guilty of laches. (*Matter of Fischer v Roche,* 81 AD2d 541, 54 NY2d 962; *90-92 Wadsworth Ave. Tenants Assn. v City of N.Y. Dept. of Hous. Preserv. & Dev.,* 227 AD2d 331; *Matter of Rapess v Ortiz,* 99 AD2d 413; *Local 851 of Intl. Bhd. of Teamsters v State of New York,* 7 Misc 3d 1013[A], 2005 NY Slip Op 50584[U]; *Matter of Barabash,* 31 NY2d 76; *General Elec. Capital Corp. v Pacheco & Lugo,* 300 AD2d 185; *Matter of Sori-Goalya Realty v New York City Loft Bd.,* 284 AD2d 137; *Saratoga County Chamber of Commerce v Pataki,* 100 NY2d 801; *Galyn v Schwartz,* 56 NY2d 969; *Sorrentino v Mierzwa,* 25 NY2d 59.) II. The Appellate Division incorrectly found that appellant lacked standing to bring the petition. (*Matter of District Attorney of Suffolk County,* 58 NY2d 436; *Chester Civic Improvement Assn. v New York City Tr. Auth.,* 122 AD2d 715; *Matter of Fritz v Huntington Hosp.,* 39 NY2d 339; *Matter of Coastal Oil N.Y. v Newton,* 231 AD2d 55; *Hammer v American Kennel Club,* 304 AD2d 74; *New York County Lawyers' Assn. v Pataki,* 188 Misc 2d 776; *People v Davis,* 94 AD2d 610.) III. Respondent should be compelled to apply the $250,000 payment pursuant to the dictates of CPLR 1349. (*Council of Regulated Adult Liq. Licensees v City of N.Y. Police Dept.,* 300 AD2d 17; *Matter of Davila v New York City Hous. Auth.,* 190 AD2d 511; *Briedis v Village of Tuxedo Park,* 156 AD2d 744; *Matter of Bayswater Health Related Facility v New York State Dept. of Health,* 57 AD2d 996; *Matter of Hurst v Board of Educ. for Ithaca City*

*School Dist.,* 242 AD2d 130; *Matter of Clark v Board of Educ. for Kingston City School Dist.,* 236 AD2d 709, 90 NY2d 662.)

*Robert M. Morgenthau, District Attorney,* New York City (*Michael S. Morgan* and *Mark Dwyer* of counsel), respondent pro se. I. The Appellate Division correctly found that petitioner's CPLR article 78 petition was untimely. (*Matter of Bottom v Goord,* 96 NY2d 870; *Austin v Board of Higher Educ. of City of N.Y.,* 5 NY2d 430; *Matter of Waterside Assoc. v New York State Dept. of Envtl. Conservation,* 72 NY2d 1009; *Matter of De Milio v Borghard,* 55 NY2d 216; *Matter of Rapess v Ortiz,* 99 AD2d 413; *Matter of Central School Dist. No. 2 v New York State Teachers' Retirement Sys.,* 23 NY2d 213; *Matter of Blue v Commissioner of Social Servs.,* 306 AD2d 527; *Matter of Thomas v Stone,* 284 AD2d 627; *Matter of Densmore v Altmar-Parish-Williamstown Cent. School Dist.,* 265 AD2d 838; *Matter of Devens v Gokey,* 12 AD2d 135.) II. The Appellate Division correctly found that petitioner lacks standing to challenge District Attorney Morgenthau's alleged noncompliance with his obligations under the state forfeiture statute. (*Matter of Schulz v State of New York,* 81 NY2d 336; *Merrill v Albany Med. Ctr. Hosp.,* 71 NY2d 990; *Matter of Attorney Gen. of State of N.Y. v Firetog,* 94 NY2d 477; *People v Davis,* 94 AD2d 610; *People v Selikoff,* 35 NY2d 227; *People v McConnell,* 49 NY2d 340; *Matter of Farrow v Hynes,* 259 AD2d 545; *People v Gasbarro,* 114 AD2d 594, 67 NY2d 1002; *People v Danny G.,* 61 NY2d 169; *Matter of Dairylea Coop. v Walkley,* 38 NY2d 6.) III. Because District Attorney Morgenthau fully complied with his obligations under the state forfeiture statute, petitioner is not entitled to mandamus relief. (*Matter of Harper v Angiolillo,* 89 NY2d 761; *Klostermann v Cuomo,* 61 NY2d 525; *Matter of Legal Aid Socy. of Sullivan County v Scheinman,* 53 NY2d 12; *Matter of Brusco v Braun,* 84 NY2d 674; *Matter of Altamore v Barrios-Paoli,* 90 NY2d 378; *Matter of Morgenthau v Gold,* 69 NY2d 735; *Morgenthau v Citisource, Inc.,* 68 NY2d 211; *Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County,* 63 NY2d 100; *Matter of Williams v Cornelius,* 76 NY2d 542.)

**OPINION OF THE COURT**

READ, J.

On May 15, 2000, petitioner Lawrence Schwartz pleaded guilty in the United States District Court for the Southern District of New York to a two-count federal information charg-

ing insider trading. On June 9, 2000, he was sentenced to 18 months in prison, followed by supervised release for a term of three years. As a condition of the supervised release, petitioner was required to pay $786,402 in restitution "no later than 90 days prior to the end of [his] supervised release."

Shortly thereafter, on June 16, 2000, petitioner pleaded guilty in Supreme Court to one count of scheme to defraud in the first degree (Penal Law § 190.65) in satisfaction of state charges pending against him in New York County. He admitted that he had "schemed and conspired" with his son and certain rival contractors and others to rig bids, thereby inflating prices of construction-related contracts at various residential and commercial buildings in the New York metropolitan area.

Petitioner was sentenced on August 29, 2000, to an indeterminate prison term of 1 to 3 years, to be served concurrently with his federal sentence. He agreed to pay $750,000 in restitution and $250,000 in lieu of forfeiture, the former payable in installments and the latter payable in full on or before the date of sentence. The forfeiture stipulation specified that the $250,000 "shall be forfeited pursuant to CPL § 220.50 (6) and, in accordance therewith, distributed pursuant to CPLR § 1349."

On May 6, 2003, while petitioner was still under the supervision of the New York State Division of Parole and on federal supervised release, his attorney wrote to the District Attorney, seeking information as to how petitioner's restitution and forfeiture payments had been disbursed. Noting that petitioner still owed more than $250,000 in federal restitution, his attorney asked the District Attorney to verify that the $250,000 state forfeiture payment would be applied to the federal restitution obligation "as required by the order of priority set forth in CPLR § 1349." As relevant, this provision states at subdivision (2) (c) that

> "moneys realized as a consequence of any forfeiture pursuant to this article shall be apportioned and paid in the following descending order of priority:
> . . .
>
> "(c) Amounts ordered to be paid by the defendant in any other action or proceeding as restitution, reparations or damages to a victim of any crime committed by the defendant even though such crime did not constitute the basis for forfeiture under this article, to the extent that such amounts remain unpaid."

On July 24, 2003, the District Attorney responded, informing petitioner that $80,000 of the forfeited amount had been sent to the state substance abuse service fund (*see* CPLR 1349 [2] [g]), with the remainder retained by the District Attorney in his capacity as claiming agent and claiming authority. The District Attorney refused to apply any portion of the forfeited moneys to satisfy petitioner's federal restitution debt, noting that CPLR 1349 (2) (c) "was clearly designed to protect victims of crimes—not the defendants who commit them." Further, if petitioner's "assets were totally depleted (an allegation that has not been made) and he were to default upon his *agreed* upon payments, then the unpaid victims may have standing to claim money from the District Attorney's Office."

On September 24, 2003, petitioner commenced a CPLR article 78 proceeding in the nature of mandamus, seeking to compel the District Attorney to apply the $250,000 forfeiture payment, "together with appropriate interest," to his federal restitution debt. Petitioner claimed that the District Attorney had violated CPLR 1349 (2) (c) when "[i]nstead of paying the money to the benefit of the [federal] victims," he "retained $170,000 for [his] own purposes and donated $80,000 to a substance abuse program." On October 8, 2003, the District Attorney moved to dismiss the petition on the grounds that it was untimely and petitioner lacked standing, and thus had failed to establish a clear legal right to the requested relief. In the event the petition was not dismissed, the District Attorney requested a reasonable time to file an answer as CPLR 7804 (f) requires.

On July 8, 2004, Supreme Court denied the motion to dismiss and granted the petition, first rejecting the District Attorney's statute-of-limitations and laches defenses. The court also concluded that petitioner had standing because

> "a plain reading of CPLR § 1349 shows that the legislature, in establishing the order of priority set forth in the statute, intended not only to benefit the victims of crimes, but 'arguably' to provide an indirect benefit to the perpetrators of crime by allowing funds forfeited by them to be applied to other unrelated crimes that they committed."

Supreme Court held that "[t]hrough [his] failure to apply the funds to the restitution debt remaining in the Federal Case, . . . [the District Attorney] failed to comply with the order of priority set forth in CPLR § 1349 and adopted by the Stipula-

tion." The court ordered the District Attorney to apply the full $250,000 forfeiture payment to petitioner's federal restitution obligation.

The Appellate Division subsequently reversed Supreme Court's judgment on the law, granted the District Attorney's motion, denied the petition, and dismissed the proceeding. The Appellate Division concluded that the petition was untimely, and that petitioner lacked standing. We subsequently granted petitioner permission to appeal, and now affirm the Appellate Division on the ground that petitioner lacks standing to press a claim for violation of CPLR 1349 in this CPLR article 78 proceeding.

"[T]he contemporary rule is that a party has standing to enforce a statutory right if its abuse will cause him injury and it may fall within the 'zone of interest' protected by the legislation" (*Matter of District Attorney of Suffolk County*, 58 NY2d 436, 442 [1983]). "Simply stated, a party must show that the in-fact injury of which it complains (its aggrievement, or the adverse effect upon it) falls within the 'zone of interests,' or concerns, sought to be promoted or protected by the statutory provision under which the agency has acted" (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 773 [1991]).

Here, petitioner's purported injury—the windfall he failed to realize when the District Attorney refused to apply the state forfeiture to satisfy petitioner's federal restitution obligations—does not fall within the zone of interests protected by CPLR 1349. The Legislature restructured forfeiture procedures in 1984 to create a "forfeiture statute [that] can be used by law enforcement agencies throughout the state as an effective tool to take the profit out of crime" (Governor's Mem approving L 1984, ch 669, Bill Jacket, at 7). In 1990, the Legislature strengthened forfeiture yet again to allow state and local agencies to receive a share of forfeited property so as to recover some of their expenses in investigating and preparing forfeiture actions (*see* Governor's Program Bill Mem, Bill Jacket, L 1990, ch 655). Legislation does not "take the profit out of crime" or encourage district attorneys to pursue forfeiture by empowering a criminal defendant like petitioner to direct forfeited moneys so as to suit his own best interests.

Further, CPLR 1349 (2) (c) requires the claiming authority to apply forfeited moneys to restitution debts "to the extent that such amounts remain unpaid." Thus, a criminal defendant must exhaust his resources before forfeited moneys may be tapped to

pay off his restitution debts. To interpret the statute otherwise, as petitioner urges, would risk rendering forfeiture meaningless. Here, petitioner has not even alleged that he lacks the funds to pay his federal restitution obligations, much less proven this. As the District Attorney intimated in his letter to petitioner, any unpaid victims of petitioner's other crimes, as the intended beneficiaries of CPLR 1349 (2) (c), have standing to enforce the statute by making a claim against the District Attorney for the forfeited moneys. Petitioner, however, does not. He has standing to enforce his plea agreement, but in this case the plea agreement says no more than that the District Attorney will comply with CPLR 1349. The plea agreement does not compel the District Attorney to use petitioner's state forfeiture to satisfy his federal restitution obligations. In short, petitioner may not bootstrap the reference to CPLR 1349 in his plea agreement into standing to enforce this statute.

As a final matter, in this case the District Attorney seems to have committed forfeited moneys to lower-priority purposes before he had any reason to know whether petitioner had sufficient resources to pay federal claimants. While this course of action appears somewhat risky, here we have no way of knowing why the District Attorney proceeded as he did because an answer was never filed.

The order of the Appellate Division should be affirmed, without costs.

Chief Judge KAYE and Judges CIPARICK, ROSENBLATT, GRAFFEO and R.S. SMITH concur; Judge PIGOTT taking no part.

Order affirmed, without costs.