■ In the Matter of SUSANNAH TAMARKIN, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent. [843 NYS2d 318]—

Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered June 27, 2006, which, in a CPLR article 78 proceeding to compel respondent Board of Education to increase petitioner teacher's salary, granted respondent's motion to dismiss the petition as time-barred, unanimously affirmed, without costs.

It appears that on September 2, 2003, after working as an interim acting assistant principal from November 5, 2001 to September 1, 2003, petitioner reverted to her prior, regularly appointed position as a teacher without being given a "salary credit" for the time she worked as an assistant principal; apparently, such credit would give her a higher salary as a teacher. It further appears that when petitioner complained to respondent's Division of Human Resources in November 2003, she was told to file an application for a salary credit, which she did, and she

was informed of Human Resources' adverse decision on August 19, 2004. Accordingly, the four-month statute of limitations began to run not on September 2, 2003, as the motion court ruled, but on August 19, 2004 (*see A.C. Transp. v Board of Educ. of City of N.Y.*, 253 AD2d 330, 337 [1999], *lv denied* 93 NY2d 808 [1999]). Nonetheless, since this was more than four months before the commencement of the proceeding, we affirm the dismissal of the proceeding as time-barred (CPLR 217 [1]). Petitioner's letter to respondent's Chancellor, in effect a request for reconsideration, did not extend the four-month period since it does not appear that petitioner was entitled to further consideration (*see Matter of De Milio v Borghard*, 55 NY2d 216, 220 [1982]), or that respondent led her to believe that she was.

We also reject petitioner's argument that this is really a contract action subject to a six-year statute of limitations, where, as the petition itself alleges, petitioner's right to the salary credit is not covered by the collective bargaining agreement. Furthermore, were this a contract action, petitioner's union would be the proper party to initiate it (*see Berlyn v Board of Educ. of E. Meadow Union Free School Dist.*, 80 AD2d 572, 573 [1981], *affd* 55 NY2d 912 [1982]).

Nor are we persuaded by petitioner's argument that the four-month statute of limitations does not apply because respondent's denial of the salary credit is a continuing violation of a statute, to wit, Education Law § 2588 (4) (a). That would be so only if respondent "was under an absolute mandate to pay to petitioner the credits which she claims" (*Matter of Gimprich v Board of Educ. of City of N.Y.*, 306 NY 401, 405 [1954]). However, petitioner's right to the credit "depends upon some administrative or quasi-judicial determination concerning her status made by the board of education" (*id.*), namely, whether she was appointed to the position of interim acting assistant principal. Concur—Saxe, J.P., Marlow, Williams, Sweeny and Malone, JJ.