(April 29, 2008)

■ Tivoli Stock LLC et al., Appellants, v New York City Department of Housing Preservation and Development et al., Respondents. [856 NYS2d 608]—

Amended judgment, Supreme Court, New York County (Robert D. Lippmann, J.), entered January 12, 2007, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 challenging respondent New York City Department of Housing Preservation and Development's refusal to issue a letter of no objection to petitioners' request to dissolve or reconstitute Tivoli Towers Housing Co., and seeking discovery in the form of a subpoena duces tecum, and costs and disbursements, unanimously affirmed, without costs. Appeal from judgment, same court and Justice, entered December 8, 2006, unanimously dismissed, without costs, as superseded by the appeal from the amended judgment.

Part of the realty at issue is subject to a restrictive covenant requiring that, for 50 years, "no change shall be made in the use of the land as specified in the plan of the area." Petitioners, who are seeking to convert a Mitchell-Lama housing complex to non-rent-regulated housing, argue that the only use specified in the Development Plan Summary is that the "site will be devoted entirely to residential use." They conclude, therefore, that the restriction does not mean the site must necessarily be used for affordable housing.

The Plan Summary, however, further requires the restriction to run for 50 years after certain events including the "neighborhood rehabilitation of the area" which the Plan anticipates will be achieved through public financing and the creation of "moderately priced modern well-equipped housing." Thus, the article 78 court correctly determined that petitioners had ignored the context in which the restriction is found. The court correctly held that "[p]etitioner is bound by the covenants contained in the deed, which reflect the spirit of the original plan. It would be unfair and inappropriate to permit high rents for what was always planned and intended as a project for middle-income housing" (see Matter of Columbus Park Corp. v Department of Hous. Preserv. & Dev. of City of N.Y., 80 NY2d 19, 27-31 [1992]).

Although, as petitioners rightly assert the attendant tax exemptions are only for 30 years, this has no bearing on the issue of the restrictive covenant (see Matter of Columbus Park Corp., 80 NY2d at 29 [tax exemption was but one part of the bargain struck with the City for providing Mitchell-Lama housing]). Further, contrary to petitioners' contention, the deeds are

not void for vagueness, as they describe the restrictive covenant with reasonable certainty (*see Thurlow v Dunwell*, 100 AD2d 511, 512 [1984]), and the record fails to support petitioners' complaint of selective enforcement (*see Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617, 631 [2004]). Concur—Lippman, P.J., Friedman, Catterson and Moskowitz, JJ. [*See* 14 Misc 3d 1207(A), 2006 NY Slip Op 52439(U).]