■ In the Matter of TIVOLI STOCK LLC et al., Appellants, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, Respondent, and TIVOLI TOWERS TENANTS' ASSOCIATION, Intervenor-Respondent. [881 NYS2d 89]—

Order and judgment (one paper), Supreme Court, New York County (Marcy S. Friedman, J.), entered July 22, 2008, granting the cross motion of respondent New York City Department of Housing Preservation and Development (HPD) and intervenor-respondent Tivoli Towers Tenants' Association to dismiss the petition seeking a writ of mandamus to compel HPD to issue a letter of no objection permitting petitioners to remove the apartment building known as Tivoli Towers from the Private Housing Finance Law program, or, in the alternative, for an order setting aside as arbitrary and capricious HPD's August 1, 2007 decision not to make a new determination with respect to petitioner's request for said letter of no objection, unanimously affirmed, with costs.

The court properly dismissed the petition as barred by the doctrine of res judicata. The claim asserted in the instant petition is based on the same facts as, and seeks the same relief sought in, petitioners' prior CPLR article 78 petition, and therefore arises from the same transaction or occurrence underlying the prior petition (*see O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]), which petition was denied and dismissed by Supreme Court (*see Matter of Tivoli Stock LLC v New York City Dept. of Hous. Preserv. & Dev.*, 14 Misc 3d 1207[A], 2006

NY Slip Op 52439[U] [2006]), and which determination was affirmed by this Court (50 AD3d 572 [2008]). Accordingly, the claim is one that could and should have been asserted in the prior proceeding (*see O'Brien*, 54 NY2d at 357-358), but petitioners failed to do so until their motion for reargument, which was denied. Having bypassed the opportunity to raise their new theory at the appropriate time, petitioners are barred from making yet another attempt to have this theory considered by raising it in the instant petition.

Dismissal of the petition is also warranted since it is barred by the four-month statute of limitations provided for in CPLR 217 (1). Although petitioners' first article 78 petition was timely, the instant petition was brought more than 19 months after HPD first notified them that it would not issue the requested letter of no objection, the point at which petitioners were aggrieved and when the limitations period commenced (*see Matter of Edmead v McGuire*, 67 NY2d 714, 716 [1986]; *Matter of Tamarkin v New York City Dept. of Educ.*, 44 AD3d 502, 502-503 [2007]). That petitioners sought reconsideration of HPD's denial in July 2007, received notice from HPD that it would not reconsider its prior determination or issue a new determination on August 1, 2007, and filed the instant petition within four months of that date, does not toll the limitations period (*see Matter of Lubin v Board of Educ. of City of N.Y.*, 60 NY2d 974, 976 [1983], *cert denied* 469 US 823 [1984]; *Concourse Nursing Home v Perales*, 219 AD2d 451, 453 [1995], *lv denied* 87 NY2d 812 [1996], *cert denied* 519 US 863 [1996]). Petitioners' characterization of its claim as entirely new and concerning the geographic scope of the restrictive covenant, as opposed to their claim in the first petition which concerned the nature of the use restriction contained in the covenant, is unavailing. It is clear that petitioners simply re-presented their earlier request for a letter of no objection permitting it to buy out of the Mitchell-Lama program and convert Tivoli Towers from a limited-profit housing project to market-rate housing, under the guise of a new legal theory.

Furthermore, were we to consider the claim asserted herein, we would find it lacking in merit. When all of the instruments effectuating the property conveyances, including the two deeds at issue and the Tivoli Towers project and plan that was approved by the City Board of Estimate, are considered as a whole, it is clear that the development included all three lots in question and that the intent was for all three lots, which were eventually merged for zoning and tax purposes, to be encumbered by the restrictive covenant contained in the city deed,

regardless that the exact parcel upon which the apartment building itself was built was conveyed by a deed that contained no such covenant (*see 328 Owners Corp. v 330 W. 86 Oaks Corp.*, 8 NY3d 372, 381-383 [2007]). Indeed, the City would not have agreed to convey the two parcels conveyed by the deed containing the restrictive covenant without petitioners' commitment to abide by the terms of the covenant, and it is equally clear that Tivoli Towers would not have been built without the two city-conveyed parcels. Having benefitted substantially from the financial incentives offered through the Mitchell-Lama program for many years, petitioners should not be permitted to avoid the consequences of their reciprocal promise to maintain Tivoli Towers as affordable housing for at least 50 years by arguing that the restrictive covenant only applies to the parking garage that was actually built upon the two city lots but not to the apartment building situated on the adjacent, privately conveyed lot. Concur—Andrias, J.P., Catterson, Renwick, DeGrasse and Freedman, JJ.