In the Matter of PHILIP R. BARRESI, Appellant, v COUNTY OF SUFFOLK et al., Respondents. [900 NYS2d 343]—

In a proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel a final determination by the respondents as to the petitioner's request for back pay and credit for sick leave time under General Municipal Law § 207-c, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Kerins, J.), dated December 1, 2008, which granted the respondents' motion to dismiss the petition pursuant to CPLR 3211 (a) (1), (5) and (7), and, in effect, dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

This CPLR article 78 proceeding arises from the petitioner's request for line-of-duty benefits under General Municipal Law § 207-c, which was denied by the Suffolk County Department of Risk Management on January 31, 1992. According to the petitioner, the review of the denial of his claim for these benefits was placed on hold pending a decision on his worker's compensation claim, which was decided on March 15, 2001.

In order to commence a timely proceeding pursuant to CPLR article 78, a petitioner must seek review of a determination within four months after the determination to be reviewed becomes final and binding upon the petitioner, or after the respondents' refusal, upon the demand of the petitioner, to perform its duty (see CPLR 217 [1]; *Walton v New York State Dept. of Correctional Servs.*, 8 NY3d 186, 194-196 [2007]; *Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005]). However, a petitioner may not delay in making a demand in order to indefinitely postpone the time within which to institute the proceeding. The petitioner must make his or her demand within a reasonable time after the right to make it occurs, or after the petitioner knows or should know of the facts which give him or her a clear right to relief, or else, the petitioner's claim can be barred by the doctrine of laches (see *Matter of Sheerin v New York Fire Dept. Arts. 1 & 1B Pension Funds*, 46 NY2d 488 [1979]; *Matter of Schwartz v Morgenthau*, 23 AD3d 231 [2005]; affd 7 NY3d 427 [2006]; *Matter of Blue v Commissioner of Social Servs.*, 306 AD2d 527 [2003]; *Matter of Agoado v Board of Educ. of City School Dist. of City of N.Y.*, 282 AD2d 602 [2001]).

"In applying a statute of limitations a court must look to the essence of the claim and not to the form in which it is pleaded" (*Matter of Guzman v 188-190 HDFC*, 37 AD3d 295, 296 [2007]). The essence of the petitioner's claim is that when he was awarded worker's compensation benefits, there was no final determination made by the respondents as to whether he would also receive benefits under General Municipal Law § 207-c. Since "the two statutory systems do not necessarily examine and determine the same issue, in the same way, and under the same protocols, procedures and conditions," the petitioner had to make a separate demand for his benefits under General Municipal Law § 207-c following the issuance of the worker's compensation decision on March 15, 2001 (*Matter of Balcerak v County of Nassau*, 94 NY2d 253, 258 [1999]; *see Matter of Theroux v Reilly*, 1 NY3d 232 [2003]).

Based on the record, we find that there was no demand made by the petitioner for his benefits under General Municipal Law § 207-c following the decision on his worker's compensation claim. Having waited an unreasonable amount of time to initiate a CPLR article 78 proceeding, the petitioner's claim is now barred by the doctrine of laches (*see Matter of Schwartz v Morgenthau*, 23 AD3d at 231; *Matter of Blue v Commissioner of Social Servs.*, 306 AD2d at 527; *Matter of Agoado v Board of Educ. of City School Dist. of City of N.Y.*, 282 AD2d at 602).

There is, however, some evidence in the record that on June 1, 2001, and September 11, 2001, the petitioner's counsel sent correspondence to the respondent Suffolk County Sheriff's Department referring to the petitioner's claim under General Municipal Law § 207-c. On September 20, 2001, the respondent Suffolk County Sheriff's Department replied to the petitioner's inquiries and informed him that no further action would be taken regarding his claim for benefits. Thus, even if we consider this correspondence from the petitioner's counsel to be a demand upon the respondent Suffolk County Sheriff's Department and that respondent's letter in reply to be a denial of benefits or a refusal to take further action, then the statute of limitations for the petitioner's CPLR article 78 proceeding expired at the latest four months after September 20, 2001 (*see* CPLR 217 [1]).

Furthermore, contrary to the petitioner's contention, the internal correspondence between the respondents from 2007, pursuant to a request to review the petitioner's claim for benefits, cannot be considered anything more than a request for reconsideration, and did not have the effect of reviving his claim or tolling the statute of limitations (*see Matter of Tamarkin v*

*New York City Dept. of Educ.*, 44 AD3d 502 [2007]; *Matter of Turner v Bethlehem Cent. School Dist.*, 265 AD2d 640 [1999]). Skelos, J.P., Balkin, Roman and Sgroi, JJ., concur.