■ UTICA INSURANCE COMPANY, Respondent, v RJR MAINTENANCE GROUP, INC., et al., Defendants, and ST. JOHN'S UNIVERSITY, Appellant. [934 NYS2d 409]—

The employee exclusion in the subject insurance policy unambiguously states that the insurance did not apply to "bodily injury to any employee of any insured, to any contractor hired or retained by or for any insured, or to any employee of such contractor" sustained during the course of employment. Accordingly, plaintiff properly disclaimed coverage based upon the status of defendant Edwards (the underlying plaintiff) as an employee of the subcontractor of RJR (the insured) at the time

of the alleged accident (*see 385 Third Ave. Assoc., L.P. v Metropolitan Metals Corp.*, 81 AD3d 475, 476 [2011], *lv denied* 17 NY3d 702 [2011]).

Moreover, defendant St. John's University lacked standing to challenge the timeliness of plaintiff's notice of disclaimer of coverage to RJR. "[T]he contemporary rule is that a party has standing to enforce a statutory right if its abuse will cause him injury and it may fall within the 'zone of interest' protected by the legislation" (*Matter of Schwartz v Morgenthau*, 7 NY3d 427, 432 [2006] [internal quotation marks and citation omitted]). Here, however, there is no basis to find that St. John's was in the "zone of interest" protected by Insurance Law § 3420 (d). St. John's failed to establish that it was an intended beneficiary of the insurance policy (*see Stainless, Inc. v Employers Fire Ins. Co.*, 69 AD2d 27, 33 [1979], *affd* 49 NY2d 924 [1980]), or that it could otherwise assert RJR's rights under the policy (*cf. Public Serv. Mut. Ins. Co. v AYFAS Realty Corp.*, 234 AD2d 226, 228 [1996], *lv dismissed* 90 NY2d 844 [1997]).

We have reviewed St. John's remaining contentions and find them unavailing. Concur—Saxe, J.P., Catterson, Moskowitz, Acosta and Renwick, JJ. **[Prior Case History: 2010 NY Slip Op 32625(U).]**