■ In the Matter of EDDIE MARSHALL, Appellant, v DAVID SOARES, as District Attorney of Albany County, Respondent. [941 NYS2d 894]—Mercure, J.P. Appeal from a judgment of the Supreme Court (McNamara, J.), entered February 18, 2011 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to return certain money seized in the course of a prior criminal investigation.

In the course of an investigation into petitioner's involvement in the narcotics trade, the City of Albany Police Department executed a search warrant and seized numerous items from his residence, including over $25,000 in cash. Petitioner was thereafter convicted of multiple drug-related offenses and, while we affirmed that conviction upon appeal, we expressly found that currency lay beyond the warrant's scope and was not "a permissible item to be seized" (People v Marshall, 57 AD3d 1163, 1165 [2008]; see People v Marshall, 65 AD3d 710 [2009], lv denied 13 NY3d 940 [2010]). Petitioner then demanded that respondent

return the seized monies, and this CPLR article 78 proceeding ensued when respondent did not do so. Respondent served an answer, in which he indicated that the funds previously had been turned over to the United States Department of Justice pursuant to court order (*see* 21 USC § 881; CPL 690.55). Supreme Court dismissed the petition as moot, and petitioner now appeals.

We affirm. While this CPLR article 78 proceeding was an appropriate vehicle for petitioner to seek the return of his property (*see Boyle v Kelley*, 42 NY2d 88, 91 [1977]; *Matter of Caggiano v Frank*, 44 AD2d 828 [1974]), Supreme Court nevertheless properly dismissed it. The transfer of the seized monies to federal authorities terminated any control that respondent had over them and, as such, the present dispute is moot (*see Public Serv. Commn. v International Ry. Co.*, 224 NY 631, 631-632 [1918]; *Matter of Daily News v Teresi*, 275 AD2d 812, 813 [2000]; *Matter of Kimball v Luyster*, 196 App Div 679, 680-681 [1921]). Moreover, the issues presented herein do not typically evade review (*see e.g. Matter of DeBellis v Property Clerk of City of N.Y.*, 79 NY2d 49, 58-59 [1992]; *Matter of Lipscomb v Property Clerk of City of Newburgh Police Dept.*, 188 AD2d 993, 993-994 [1992]; *Matter of Caggiano v Frank*, 44 AD2d at 828) and, therefore, we reject petitioner's argument that this case falls within the narrow exception to the mootness doctrine (*see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]).

Rose, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.