In the Matter of ELLIOTT JAMES, Appellant, v CATTARAUGUS COUNTY, Respondent. [956 NYS2d 379]—

Memorandum: In this proceeding pursuant to CPLR article 78, petitioner appeals from a judgment that dismissed his petition to compel respondent to return money and property seized in the course of a prior criminal investigation. Petitioner was

convicted of attempted criminal possession of a controlled substance in the fourth degree in 1994, and the judgment of conviction was reversed by this Court in 1995 (*People v James*, 217 AD2d 969 [1995]). We note at the outset that, although a CPLR article 78 proceeding is an "appropriate vehicle for petitioner to seek the return of his property" (*Matter of Marshall v Soares*, 94 AD3d 1258, 1259 [2012]; *see Boyle v Kelley*, 42 NY2d 88, 91 [1977]), "the requirement that a notice of claim be timely filed where the gravamen [of the proceeding] is the wrongful retention by a municipality of money or property after the dismissal of a criminal action in the course of which the money or property had been seized . . . may not be evaded by resort to a CPLR article 78 proceeding instead of an action in tort for conversion, or by an action upon the equitable principle of unjust enrichment" (*Matter of Abramowitz v Guido*, 61 AD2d 1045, 1045 [1978]; *see Smith v Scott*, 294 AD2d 11, 17 [2002]; *Matter of Ganci v Tuthill*, 216 AD2d 390, 390-391 [1995]). Inasmuch as petitioner failed to file a notice of claim, the petition was properly dismissed.

We further conclude in any event that petitioner's claims are barred by the doctrine of laches. A petitioner "may not delay in making a demand [for the return of money or property] in order to indefinitely postpone the time within which to institute the proceeding. The petitioner must make his or her demand within a reasonable time after the right to make it occurs" (*Matter of Barresi v County of Suffolk*, 72 AD3d 1076, 1076 [2010], *lv denied* 15 NY3d 705 [2010]; *see Matter of Sheerin v New York Fire Dept. Arts. 1 & 1B Pension Funds*, 46 NY2d 488, 495-497 [1979], *rearg denied* 46 NY2d 1076 [1979]). Inasmuch as petitioner "proffered absolutely no excuse for his [more than 14-year] delay in making the demand" for the return of his money and property, the proceeding is barred by the doctrine of laches (*Matter of Schwartz v Morgenthau*, 23 AD3d 231, 233 [2005], *affd* 7 NY3d 427 [2006]; *see Matter of Thomas v City of Buffalo Inspections Dept.*, 275 AD2d 1004, 1004 [2000]; *Matter of Densmore v Altmar-Parish-Williamstown Cent. School Dist.*, 265 AD2d 838, 839 [1999], *lv denied* 94 NY2d 758 [2000]). We have considered petitioner's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Fahey, Carni, Lindley and Sconiers, JJ.