# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1338**
**CA 11-02004**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF ELLIOTT JAMES,
PETITIONER-APPELLANT,

V                                              MEMORANDUM AND ORDER

CATTARAUGUS COUNTY, RESPONDENT-RESPONDENT.

---

ELLIOTT JAMES, PETITIONER-APPELLANT PRO SE.

THOMAS C. BRADY, COUNTY ATTORNEY, LITTLE VALLEY, FOR
RESPONDENT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Cattaraugus County (Michael L. Nenno, A.J.), entered September 19, 2011 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to CPLR article 78, petitioner appeals from a judgment that dismissed his petition to compel respondent to return money and property seized in the course of a prior criminal investigation. Petitioner was convicted of attempted criminal possession of a controlled substance in the fourth degree in 1994, and the judgment of conviction was reversed by this Court in 1995 (*People v James*, 217 AD2d 969). We note at the outset that, although a CPLR article 78 proceeding is an "appropriate vehicle for petitioner to seek the return of his property" (*Matter of Marshall v Soares*, 94 AD3d 1258, 1259; *see Boyle v Kelly*, 42 NY2d 88, 91), "the requirement that a notice of claim be timely filed where the gravamen [of the proceeding] is the wrongful retention by a municipality of money or property after the dismissal of a criminal action in the course of which the money or property had been seized . . . may not be evaded by resort to a CPLR article 78 proceeding instead of an action in tort for conversion, or by an action upon the equitable principle of unjust enrichment" (*Matter of Abramowitz v Guido*, 61 AD2d 1045, 1045; *see Smith v Scott*, 294 AD2d 11, 17; *Matter of Ganci v Tuthill*, 216 AD2d 390, 390-391). Inasmuch as petitioner failed to file a notice of claim, the petition was properly dismissed.

We further conclude in any event that petitioner's claims are barred by the doctrine of laches. A petitioner "may not delay in making a demand [for the return of money or property] in order to indefinitely postpone the time within which to institute the

proceeding.  The petitioner must make his or her demand within a reasonable time after the right to make it occurs" (*Matter of Barresi v County of Suffolk*, 72 AD3d 1076, 1076, *lv denied* 15 NY3d 705; *see Matter of Sheerin v New York Fire Dept. Arts. 1 & 1B Pension Funds*, 46 NY2d 488, 495-497, *rearg denied* 46 NY2d 1076).  Inasmuch as petitioner "proffered absolutely no excuse for his [more than 14-year] delay in making the demand" for the return of his money and property, the proceeding is barred by the doctrine of laches (*Matter of Schwartz v Morgenthau*, 23 AD3d 231, 233, *affd* 7 NY3d 427; *see Matter of Thomas v City of Buffalo Inspections Dept.*, 275 AD2d 1004, 1004; *Matter of Densmore v Altmar-Parish-Williamstown Cent. School Dist.*, 265 AD2d 838, 839, *lv denied* 94 NY2d 758).  We have considered petitioner's remaining contentions and conclude that they are without merit.

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court