# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**582**

**CA 12-01788**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, AND LINDLEY, JJ.

---

IN THE MATTER OF MARGARET VAN TOL, INDIVIDUALLY
AND DOING BUSINESS AS CVT PROPERTIES,
PETITIONER-APPELLANT,

V                                                          MEMORANDUM AND ORDER

CITY OF BUFFALO, CITY OF BUFFALO FIRE DEPARTMENT,
GARNELL W. WHITFIELD, JR., AND CITY OF BUFFALO
FIRE INVESTIGATION UNIT, RESPONDENTS-RESPONDENTS.

---

TRONOLONE & SURGALLA, P.C., HAMBURG (GERARD A. STRAUSS OF COUNSEL),
FOR PETITIONER-APPELLANT.

TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (CINDY T. COOPER OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

-------------------------------------------------------------------------------

Appeal from a judgment (denominated order) of the Supreme Court,
Erie County (Diane Y. Devlin, J.), entered November 14, 2011 in a
proceeding pursuant to CPLR article 78.  The judgment dismissed the
petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  Petitioner commenced this CPLR article 78 proceeding
seeking to compel respondents to conduct an investigation, pursuant to
General Municipal Law § 204-d, into two fires at two rental properties
she owned.  Supreme Court properly dismissed the petition on the
ground that the proceeding was not timely commenced.  We note at the
outset that the relief requested in the petition is in the nature of
mandamus to compel inasmuch as petitioner seeks to "compel the
performance of a ministerial act [imposed] by law" (*Matter of De Milio
v Borghard*, 55 NY2d 216, 220; *see Matter of Heck v Keane*, 6 AD3d 95,
99).  In such a proceeding, the four-month statute of limitations
begins to run when a respondent refuses a petitioner's demand that it
"perform its duty" (CPLR 217 [1]; *see Matter of Schwartz v Morgenthau*,
23 AD3d 231, 233, *affd* 7 NY3d 427; *Austin v Board of Higher Educ. of
City of N.Y.*, 5 NY2d 430, 442).  The petitioner's "demand must be made
within a reasonable time after the right to make the demand occurs"
(*Matter of Devens v Gokey*, 12 AD2d 135, 136, *affd* 10 NY2d 898; *see
Matter of Densmore v Altmar-Parish-Williamstown Cent. Sch. Dist.*, 265
AD2d 838, 839, *lv denied* 94 NY2d 758).  Here, petitioner made a
February 8, 2010 written demand to the Erie County District Attorney's
Office to conduct a further investigation.  The Erie County District

Attorney's Office, however, is not a named respondent, and we conclude that petitioner "unreasonably delayed" in failing to make the demand to respondents on February 8, 2010 and that "this proceeding is barred by laches" (*Densmore*, 265 AD2d at 839).

        In light of our determination, we need not address the issue whether the petition failed to state a cause of action for which relief can be granted.

Entered:  June 28, 2013                          Frances E. Cafarell
                                                 Clerk of the Court