Jones v McDonald's Corp. (2022 NY Slip Op 00814)





Jones v McDonald's Corp.


2022 NY Slip Op 00814


Decided on February 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 08, 2022

Before: Manzanet-Daniels, J.P., Oing, González, Shulman, Higgitt, JJ. 


Index No. 154184/19 Appeal No. 15254 Case No. 2021-00765 

[*1]Dustin Jones, Plaintiff-Appellant,
v
McDonald's Corporation et al., Defendants-Respondents, EJJ Food Corp., Defendant.


Parker Hanski LLC, New York (Glen H. Parker of counsel), for appellant.
Clausen Miller, P.C., New York (Don R. Sampen, of the bar of the State of Illinois, admitted pro hac vice, of counsel), for respondents.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about February 2, 2021, which granted defendants' motions to dismiss the complaint, unanimously reversed, on the law, without costs, and the motions denied.
Crediting the allegations of the amended complaint, as amplified by the papers submitted on the motions, there can be no question that, for purposes of standing to sue (see Matter of Schwartz v Morgenthau, 7 NY3d 427, 432 [2006]; Utica Ins. Co. v RJR Maintenance Group, Inc., 90 AD3d 554, 555 [1st Dept 2011]), plaintiff, a disabled wheelchair user (see Executive Law § 296[21]; Administrative Code of City of NY § 8-102[16]), falls within the zone of interest generally protected by the disability discrimination laws mandating disabled access to places of public accommodation, like defendants' restaurant (see Executive Law § 296[2][a]; Administrative Code § 8-107[4][a][1][a]).
Defendants maintain that plaintiff has not even alleged that he has ever visited the restaurant. Defendants thus argue that plaintiff has failed to allege that he suffered any "injury" sufficient to give him standing to sue for disability discrimination. Defendants' argument highlights one allegation — that plaintiff "travels to the area" around the restaurant — and ignores others. Notably, plaintiff alleges that he "desired and continues to desire to access the entire McDonald's premises," which includes the inaccessible third floor, but "[b]ecause of defendants' failure to comply with the law, plaintiff was and continues to be unable to enjoy safe, equal and complete access" to the restaurant. Plaintiff has thus adequately alleged injury for purposes of establishing standing to sue.
As an alternative basis for affirmance, defendants point out that the Building Code generally requires accessible routes to facilities within buildings (see Administrative Code §§ 27-232, 27-292.5[c]). Defendants further point to the Building Code provision that disabled access need not be provided to floors, like the subject third floor, that measure less than 2,500 square feet (see Administrative Code § 27-292.5[i][2]). Defendants argue that those provisions establish a definitive legislative intent to exclude areas like the restaurant's third floor from otherwise generally applicable accessibility provisions.
Defendants' argument is unavailing. The Building Code and disability discrimination laws serve different purposes and can easily be enforced and harmonized. The Building Code serves foremost to ensure safety in construction and maintenance of structures. The accessibility provision at issue simply states that no disabled access is required for building areas which measure less than 2,500 square feet. The provision does not prohibit building owners from providing such access — it simply provides that, for purposes of the Building Code, no such access is required.
The disability discrimination laws are designed, as pertinent here, to ensure that disabled persons [*2]have reasonable access to public accommodations. While the Building Code might not require disabled access under the circumstances present here, this does not mean that more may not be required under the State and City Human Rights Laws' (HRLs) disability discrimination provisions. In this, there is no conflict. To the extent there is any tension between the Building Code's provisions and the HRLs, such tension may be remedied by the rule of reasonableness which is an integral component of the HRLs' requirement that disabled persons be reasonably accommodated (see Executive Law § 296[c][i]; Administrative Code of City of NY § 8-107[15][b]).
Finally, the doctrine of claim splitting does not preclude plaintiff from re-asserting his City HRL claim for attorneys' fees, dismissed without prejudice in a prior Federal action, in the instant action. Plaintiff's claim for attorneys' fees under the City HRL is not a separate, free-standing cause of action, but instead is merely a component of his claim under the City HRL (see Administrative Code § 8-502[g]). Attorneys' fees are provided for under the statute as an additional remedy under the statutory cause of action (see La Porta v Alacra, Inc., 142 AD3d 851, 853 [1st Dept 2016]). The Federal Court dismissed the City HRL claim, including for attorneys' fees, without prejudice to
reinstitution in Supreme Court; no decision was made on the merits. Accordingly, plaintiff has not split his claims (see Board of Mgrs. of Dickerson Pond Condominium I v Jagwani, 276 AD2d 517, 518 [2d Dept 2000]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2022